This is a suit instituted by an insurer of an automobile against loss caused by collision for the damage occasioned to the same as a result of an accident which occurred at night on October 7, 1939, when it collided with another car in the intersection between Iberia and Meadow Streets in the City of New Iberia. The owner of the insured automobile was Lynnwood Delcambre who is joined as plaintiff with the insurance company, seeking to recover the sum of $50 deducted from the loss payable under the policy of insurance according to the terms and provisions of the policy contract. The remaining loss which the plaintiff insurance company had to pay amounted to the sum of $186.79. Each plaintiff is here attempting to obtain judgment for the respective loss sustained by each from the defendant, Cleveland Romero, owner of the other car involved in the accident and which was being driven at the moment by his minor son, Mabre Romero, who resides with him in the City of Lafayette.
Iberia is a right of way street under the traffic ordinance of the City of New Iberia, running north to south. Meadow Street runs from east to west, its eastern terminus, however, being at the intersection which it forms with Iberia Street. Traffic travelling and moving east on that street has to turn either north or south on Iberia Street. The Delcambre automobile, which will also be referred to hereafter as the plaintiff car, was going south on Iberia, and the Romero automobile, which will also be referred to as the defendant car, was on Meadow Street travelling east.
In the petition of the plaintiffs it is alleged that after the plaintiff car had pre-empted the intersection, the driver of the defendant car, who had momentarily stopped on approaching the same, suddenly and rapidly put it in motion again and drove into the intersection directly in the path and only a few feet in front of the plaintiff car. It is alleged that the front of the plaintiff car had reached the intersection when the other car started its sudden and rapid motion directly in front of it and it was impossible for the driver to stop or to swerve aside in order to avoid the collision which followed immediately with its resulting damage. The driver of the defendant car is charged with negligence in failing to keep a proper watch for vehicles on Iberia Street and in being inattentive to his surroundings, and it is alleged that such gross negligence and improper and unlawful conduct on his *Page 209 
part was the sole and proximate cause of the accident.
The defendant, in his answer, denies all the allegations of the plaintiffs' petition with the exception of the one wherein it is averred that Mabre Romero is his minor son and resides with him, and he especially denies that his said son was guilty of any negligence or carelessness in connection with the collision out of which damages are claimed by the plaintiffs.
Pleading further in the alternative, defendant avers that if the court should hold that his minor son was guilty of any negligence, that Lynnwood Delcambre was guilty of gross contributory negligence for the reason that after having stopped at the intersection his son had driven into Iberia Street, in a lawful manner, and after the car had reached a point past the center, it was run into and damaged by the Delcambre car. That at that moment the latter car was proceeding on Iberia Street at a rapid and unlawful rate of speed and the driver was not keeping a proper look-out. He avers further that when his son entered Iberia Street the other car was from 150 to 200 feet from the intersection and his son, believing it was proceeding at a lawful rate of speed, entered the intersection in ample time to negotiate a left-hand turn. That the driver of the plaintiff car applied his brakes but nevertheless the car skidded about 50 feet and struck his car with a terrific blow. That the negligence of Lynnwood Delcambre, in the manner set out, constituted contributory negligence which bars recovery on his part and that of his co-plaintiff, the insurance company.
Assuming then the position of a plaintiff in reconvention, defendant avers that the gross negligence and carelessness of the said Lynnwood Delcambre, as just alleged, was the sole cause of the collision, for which defendant is entitled to recover from the said Lynnwood Delcambre, for the damage to his automobile amounting to the sum of $99. He prays for judgment accordingly.
After trial in the district court there was judgment in favor of the plaintiffs in the sum prayed for by each, respectively, and the defendant has appealed.
In the plaintiff car which Delcambre was driving were Edward Robichaux and Robert Bourg. All three testify that he was going at a speed of approximately 20 to 25 miles per hour before reaching the intersection. Bourg was to get out at his home which he states is about 100 feet south of the intersection, so apparently if Delcambre had to stop to let him out, he must have reduced the speed of his car as they all said he did.
In giving his version of the accident Delcambre states that as he approached the corner he observed the Romero car by its headlights which showed through the shrubbery which forms some obstruction to view on the northwest corner of the intersection. He could not tell whether the car was moving or not until he got about 70 feet from the corner and then noticed that the car had stopped. He estimates that it was from 15 to 20 feet on Meadow Street from the corner. He continued on and as he had just about reached the intersection, Romero, who had in the meantime put his car in motion again, ran it right in front of his at an angle. He could not turn to his right as there was a post at the corner which prevented his doing so. He swerved to his left to try to avoid a collision but the other car was too near his and they collided. The force of the impact as well as the swerving motion caused his car to turn over and be damaged. He states that at no time prior to the collision was his car to the left of the center of Iberia Street which of course means that he was holding to his right and was in his proper lane of travel. His testimony is substantially corroborated by that of Bourg and Robichaux.
A man named Telesma DeRouen who lives near the scene of the accident had his attention attracted by the noise of the wreck. He arrived at the corner about three minutes after it had happened and definitely establishes the respective position of the two cars. The plaintiff car, he says, was turned over on its side at a point about in the center of the northwest quarter of the intersection and the defendant car a good bit beyond the center line of the intersection, facing north. His testimony tends to further support that of Delcambre and the other two witnesses who were in the car that the impact between the two cars was on his side of Iberia Street. It further tends to prove that neither car had entered the intersection much ahead of the other.
Defendant's son who was driving his car was seventeen years old at the time of the accident. He testifies that when he *Page 210 
reached the corner at Meadow and Iberia Streets he stopped to see if any cars were coming. Rather significantly he explains that he could not see anything to his left because of the heavy shrubbery at the corner and yet he says, he proceeded on and had just about reached the center of Iberia Street when he heard a screeching of the brakes of the other car and saw it crash into his. When asked on cross-examination if he did not see the reflection from the lights of the Delcambre car while his was stopped at the corner, he answers that there was a corner post on his west side that kept him from seeing. That is a very unsatisfactory explanation as it is impossible to understand how a post at the west corner of the intersection could have hidden the reflection from the lights of an automobile travelling south on Iberia Street. The light beams were bound to project on the street directly in front of the car and if the driver of a car that was stopped on the west side at the corner did not see them it is simply because he was not looking, or if he was, that he paid no attention to them.
A witness named Leo Breaux, who was a passenger in the defendant car, testified to about the same effect as did young Romero, but his explanation as to why they did not see the Delcambre car, or the reflection of its lights, before they say they did, is not a bit more satisfactory.
Apparently therefore all that Romero did in the way of preparing to make a left-hand turn was to bring his car to a stop before reaching the intersection. Inasmuch as he admits that there was some obstruction to his vision on his left-hand side which was the direction in which he intended to go after making a left-hand turn, he should have made his stopping more effective by ascertaining more readily than he did that there was no traffic coming on Iberia Street from the north. Besides, what looking he did was also ineffective because at least he should have seen the reflection from the lights of the defendant car as it approached the intersection. His failure to have seen that which he should have, upon looking, constitutes as great negligence, under the law, as though he had not looked at all.
We agree with the trial judge who carefully analyzed the testimony in the case that the defendant car had not pre-empted the intersection and acquired the right of way over the plaintiff car which was on the right of way street. The preponderance of the oral testimony, as well as the physical facts testified to by the disinterested witness DeRouen, indicate plainly that the collision took place at a point where it is impossible to say that either had proceeded in the intersection ahead of the other.
There is nothing in the testimony, as far as we are able to see, to substantiate the charge of negligence or carelessness made by the defendant against the plaintiff Delcambre. There is no proof that he was driving at an excessive rate of speed and otherwise he seemed to have been exercising all the care and caution that was required of the driver on a favored street upon reaching an intersection such as the one that existed at this corner. We agree with the trial judge that the sole and only cause of the accident was the heedless and careless manner in which defendant's minor son entered a right of way intersection without doing more than he did by merely stopping his car and then proceeding at the moment when it was most dangerous for him to do so.
The proper award for damages to each plaintiff seems to have been made and the amount claimed by each is not disputed.
Finding no error in the judgment appealed from, the same stands affirmed at the costs of the defendant, appellant herein.