Defendant's car and that of A.L. Bradford collided in the intersection of Wilkinson Street and Fairfield Avenue in the daytime, causing damage to each car. Bradford's insurer, the plaintiff herein, paid the cost of repairing his car, less $50.00 and was subrogated by him to his rights against the defendant, arising from the collision. As subrogee, the insurer instituted this suit to recover the amount so paid by it.
Bradford's car was going southerly on Fairfield Avenue. Defendant's car was *Page 146 
traveling easterly on Wilkinson Street. The streets cross at right angles. Traffic on Fairfield, under ordinance of the city, has right of way over traffic on Wilkinson Street. It is charged that the collision resulted from the negligence of defendant in the following respects, to wit:
That he failed to stop his car before driving into a right of way street in violation of law; that he did not maintain a proper lookout, failed to keep his car under control and failed to yield right of way to traffic on a right of way street; and, lastly, entered the intersection which was then preempted by other traffic.
It is specifically alleged that when defendant drove his car into the intersection there was a distance of not over 15 feet between the cars, which was too close for Bradford to avert a collision; that Bradford was not driving in excess of 25 miles per hour as he approached the intersection and was on his side of the street.
Defendant avers that he stopped his car just west of the intersection, looked in both directions for traffic and seeing none, put his car in motion and entered the intersection at a speed not over five miles per hour; that the collision occurred before he had shifted gears. He further avers that shrubbery and trees at his left side combined with a slight curve in Fairfield Avenue, north of the intersection, made it impossible for him, from the position he was in, immediately prior to entering the intersection, to observe traffic northerly on Fairfield; that he exercised due care in the effort to observe traffic conditions in both directions. He additionally avers that Bradford, as he approached the intersection, was traveling at a speed of from 35 to 45 miles per hour with the right wheels of his car in the gutter against the curb; that although he, defendant, had almost reached the center of the intersection, going at from 5 to 10 miles per hour, the accident would have been averted had Bradford continued forward and not veered to his left; that Bradford suddenly applied his brakes and skidded 25 feet before colliding with defendant's car. Employing the related acts of negligence on the part of Bradford as a basis, defendant, in the alternative, pleads that such negligence contributed to the accident and bars recovery by his subrogee.
There was judgment for plaintiff as prayed for by it, and defendant appealed.
Bradford was accompanied by his wife who was being returned home after having spent some days in a sanitarium. Because of her condition he says he was driving at a speed of not more than 25 miles per hour when he observed defendant's car emerging from Wilkinson Street, a short distance ahead of him. Mrs. Bradford corroborated his testimony as to the car's speed but as she had her back toward the west and was talking to her husband, she did not see defendant until the collision occurred or a second or two prior thereto.
[1, 2] The trial judge found that Bradford was not traveling at an excessive or illegal rate of speed just prior to the collision and, therefore, concluded that his speed was not a contributing cause of the accident. We agree with him in this conclusion; nor does the testimony convince us that Bradford was driving with his car's right wheels in the gutter. He knew that traffic on Fairfield had preference over that on Wilkinson Street, and had the unquestioned right to assume that his right of preference would be respected by motorists thereon. He was not required by law, while traveling at a lawful rate of speed prior to reaching Wilkinson Street, to reduce his speed since he had no reason to think that defendant or any other motorist would attempt to enter the intersection unless and until he had prudently observed the stop sign on Wilkinson Street, just west of the intersection, and had looked in both directions for traffic in order to determine whether it was safe to attempt crossing over.
Defendant says he did stop before entering the intersection and looked up and down Fairfield just prior to attempting to cross it, but on account of shrubbery and trees on his left side he did not see any cars at all and immediately started to cross over; that when one-half of his car was in the intersection, going at about five miles per hour, he observed the Bradford car not over 30 feet away, coming at a *Page 147 
rapid speed. He accelerated in the hope of getting across ahead of the Bradford car, but failed, His car was struck near the center of its left side by the right front end of the other car. The Bradford car skidded some 25 feet from application of brakes and stopped about the center of the intersection.
[3, 4] A motorist, before attempting to cross a right of way street, is legally required to bring his own car to a complete stop on the less favored street so that he may observe traffic conditions in both directions. It has often been held that for a motorist to merely stop before attempting to enter a right of way street, he performs only one-half the duty that rests upon him. To stop and then proceed forward without having sufficient opportunity to determine if it is safe to do so, is negligence of a gross character, and renders the person guilty of such responsible for damages resulting therefrom.
According to defendant's own pleading and testimony, from the position he was in when he stopped west of the intersection, he was unable to clearly observe traffic conditions northerly on Fairfield Avenue, but notwithstanding this inability he undertook to cross the intersection, taking the chance that resulted in the collision. Had he stopped his car closer to the intersection he would surely have seen the Bradford car coming toward him before he attempted to cross over.
[5] The lower court convicted defendant of negligence in attempting to cross the intersection after seeing the Bradford car. An emergency then existed. It is not always negligence on the part of a motorist, in an emergency, to instantly form a resolution as to what he should do and act upon it, even though it should afterward develop that he erred; but where, as in this case, the emergency is created by the negligence of a motorist who makes a quick but erroneous decision and acts upon it, he cannot escape liability for the results of his mistake in judgment. The question of responsibility for the accident recurs to the original negligence.
[6, 7] Regardless of the question of emergency, it was defendant's negligence in not acting as carefully as he should have in determining whether it was safe to cross the intersection at the time he did, that brought about the collision. If Bradford was negligent to any extent in not seeing defendant's car before it entered the intersection, such negligence cannot be characterized as a proximate cause of the accident. If defendant could not see traffic on Fairfield to his left when he stopped, by the same token Bradford, perhaps 200 feet away, could not see him at that time.
For the reasons herein given, the judgment appealed from is affirmed with costs.