REGAN, Judge.
Plaintiff, Charles C. Thigpen, owner and operator of a 1941 Oldsmobile, instituted this suit endeavoring to recover the sum of $297.49, representing property damages in *317 curred to his automobile on September 13, 1948 at 7:30 a. m. by virtue of a collision in the ascending inbound intersection of Esplanade Avenue and N. Tonti Street, with a 1948 Chevrolet, owned and operated on the morning of the accident by the defendant, J. W. Mangin.
Defendant answered denying that he was guilty of negligence in the premises and, in the alternative, pleaded contributory negligence. Defendant further answered in reconvention and maintained that his car was damaged to the monetary extent of $70.00, and, accordingly, prayed for judgment dismissing plaintiff’s suit and for judgment in reconvention in the foregoing amount. In oral argument defendant did not seriously urge his reconventional demand, but urged the alternative plea of contributory negligence.
From a judgment in favor of plaintiff, defendant prosecutes this appeal.
' The record reveals simple, but the usual controversial facts present in an intersec-tional collision.
Esplanade Avenue, which begins at the river 'and ends at the entrance to City Park, is a well known boulevard in the City of New Orleans and consists of an ascending and a descending roadway, separated by what is colloquially referred to as a neutral ground, measuring about three feet in width. North Tonti Street is a conventional street which intersects or crosses Esplanade Avenue and begins at Canal Street and ends at the St. Bernard Parish line.
Plaintiff was driving his car, near to the neutral ground, in the ascending (inbound) roadway of Esplanade Avenue, which is a right of way or preferred street, in the general direction of the river at a speed varying from between fifteen and twenty-eight miles per hour.
Defendant, accompanied by his brother-in-law, Robert M. Dupas and a friend, Arthur C. Holland, was driving his car close to the righthand curbing in N. Tonti Street towards the descending (outbound) roadway of Esplanade Avenue; that upon arriving at the intersection he stopped, looked to the left and then placed his car in “first gear” and proceeded to cross the descending (outbound) roadway of Esplanade, at a' speed of five to six miles per hour; that as he was approaching the neutral ground he “looked to the right to see if anything was coming on the uptown (ascending or inbound) portion of Esplanade Avenue” and defendant had, he maintains, traversed about fifteen feet or two-thirds of the ascending roadway of Esplanade Avenue when he was struck by plaintiff’s car. Defendant’s witnesses, Dupas and Holland, almost, without variation, corroborate defendant’s version of the accident.
Defendant and his two witnesses, are most positive in their testimony that plaintiff was traveling between forty and forty-five miles per hour immediately preceding the accident. In this connection, it is interesting to note, that they testified respectively, that they did not observe'plaintiff’s automobile until it was from eight to fifteen feet from them, yet they were certain that in the intervening split second they could intelligently estimate or calcu late the speed of plaintiff’s car.
Plaintiff, and a disinterested witness, Sidney Meilleur, testified that the speed of plaintiff’s car was under thirty miles per hour, “around 28 miles per hour”; and that the speed of defendant’s car, before the collision was about twenty miles per hour.
The witness Meilleur further testified that it was raining on the morning of the accident and he was driving his car about one-half block in the rear of plaintiff’s car at a speed of about twenty-five miles per hour in Esplanade Avenue approaching the intersection of N. Tonti Street, when he observed defendant’s car emerging from N. Tonti Street and cross the descending (outbound) roadway of Esplanade Avenue, and then proceed to pass around another car which had stopped in the neutral ground section awaiting Esplanade Avenue traffic; that “it looked like the guy was going to slow up or stop but he kept on coming” into the ascending (inbound) roadway of Esplanade Avenue, where the right front fender of defendant’s car struck the left front fender of plaintiff’s car. Plaintiff had also previously testified that defendant pass *318 ed around another car which was stopped in the neutral ground section of Esplanade Avenue and then struck his car.
The evidence adduced in the court, a qua, does not support defendant’s contention that, “conceding plaintiff’s right of way, plaintiff must yield to any other vehicle which may have already entered and preempted the intersection”.
Defendant contended in the court, a qua, and before this court, that he had already entered and preempted the intersection, and that, therefore, plaintiff should have yielded his “right of way”.
The, evidence, however, does not support defendant’s contention. Plaintiff was trav-elling in Esplanade Avenue which, under Ordinance No. 13,702 C.C.S. of the City of New Orleans, is a boulevard and a favored street, and he possessed the “right of way” over defendant’s vehicle. Plaintiff, under the prevailing circumstances at the time of the accident, was reasonable in assuming that this right of way would be respected by the defendant who was negligently travelling on a less favored roadway.
In our opinion, plaintiff was travel-ling at a moderate rate of speed, that he had observed defendant emerge from N. Tonti Street into the descending (outbound) roadway of Esplanade Avenue, and as he passed around the automobile, stopped and awaiting traffic in the neutral ground section of the roadway, defendant indicated he would come to a stop, but he either failed to observe what he should have seen or he elected to gamble that he could cross the ascending (inbound) roadway of Esplanade Avenue safely. In either event the sole cause of the collision was defendant’s failure to come to a stop and permit the automobiles approaching from his right in Esplanade Avenue to pass safety-
The record conclusively reveals that neither defendant nor his two passengers observed plaintiff’s car until a split second before the accident occurred. In fact, the witness, Holland, saw plaintiff when he was about fifteen feet from defendant’s car and the witness, Dupas, saw plaintiff when he was about five feet from defendant’s car. Defendant testified that he did not observe plaintiff’s car until the witness, Holland, yelled “lookout” and then plaintiff was about eight or ten feet from the defendant’s car.
Defendant’s testimony on cross examination is, in our opinion, incredible. He stated that he had traversed all but five feet of the ascending (inbound) roadway of Esplanade Avenue when he was struck by plaintiff. In other words, according to defendant, the front of his automobile was five feet from the right curbing of the ascending (inbound) roadway of Esplanade Avenue when plaintiff, collided with him, and, therefore, plaintiff, of necessity, if defendant’s version of the accident is to be believed, had to be travelling in Esplanade Avenue hugging the righthand curb when the collision occurred.
In our opinion, the sole cause of the accident was defendant’s failure to see and observe plaintiff’s car before entering the right of way street in which plaintiff’s car was travelling and defendant’s failure to see that which he should have seen constituted as much negligence as though defendant had not looked at all. Hartford Fire Insurance Company et al. v. Romero, La.App., 5 So.2d 208.
Plaintiff, in the trial court, adequately proved damages to his automobile in the amount of $290.50, and this amount was not disputed by defendant in the court, a qua, or in this court on appeal.
This is, therefore, manifestly a case which involves the application of the well known doctrine that the findings of a trial court will not be disturbed or reversed where only questions of fact are involved, unless that finding is obviously erroneous, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.