50 So.2d 829 (1951)
HOOPER
v.
TOYE BROS. YELLOW CAB CO.
No. 19683.
Court of Appeal of Louisiana, Orleans.
February 26, 1951.
*830 Miazza & Drury and G. Harrison Scott, New Orleans, for plaintiff and appellant.
Deutsch, Kerrigan & Stiles and Gerald J. Gallinghouse, New Orleans, for defendant and appellee.
McBRIDE, Judge.
This suit involves plaintiff's claim for $176.43, the amount of damage allegedly sustained by his LaSalle sedan automobile on the afternoon of August 10, 1949, at the intersection of Prytania and Erato Streets, when it collided with a taxicab owned by the Toye Bros. Yellow Cab Company. Named as defendants are, said company, which is a partnership, and its component partners; however, judgment is prayed for against only the partnership. Several charges of negligence are leveled at the driver of the taxicab. The defense is a denial that the driver of the cab was guilty of any fault, and the alternative plea is made that if there was fault on the part of the cab's driver, then the negligence of plaintiff contributed to the accident and he is barred from recovering for the damage to his automobile.
The only eyewitnesses to the accident were plaintiff and the driver of the cab, both of whom testified, and, as usual, their testimony is conflicting on some major points. The lower court rendered judgment in favor of defendants and dismissed plaintiff's suit, but as there were no written reasons for judgment given, we are at a loss to know on what premise the judgment was based. Plaintiff has appealed.
Plaintiff's testimony shows that he was driving his automobile down Prytania, a two-way street, in the direction of Canal Street, at a speed of from twenty to twenty-five miles an hour, and as he neared Erato Street the cab, which was traveling toward the river, darted out from Erato Street directly into his path, with the result that his car struck the cab at about the center of its right side.
It may be stated at this point, that the uptown-lake corner of the intersection is what is colloquially termed a "blind corner." The building there is built flush with the property line, and the view of one proceeding down Prytania Street is obstructed as to traffic proceeding on Erato Street, toward the river, and one on Erato Street traveling toward the river, approaching Prytania, has his view obstructed as to traffic traveling down Prytania Street. In addition to the building on the corner, the evidence shows that, at the time of this accident, there were some shrubs or bushes on the corner, and also that there was a large truck parked on Prytania Street, and the presence of the shrubs and the truck added to the "blindness" of the corner insofar as the taxicab driver was concerned.
There is a stop sign on Erato Street, which requires vehicles traveling on that street, upon reaching Prytania, to come to a full stop. The cab driver narrated that upon reaching Prytania Street he stopped his vehicle completely, but that the parked truck interfered with his view up Prytania Street. He claims that he then put his cab in first gear, slowly entered Prytania Street, and just as he cleared the truck he observed plaintiff's car about a "quarter-of-a-block" away; that he believed he had ample time and opportunity to safely cross Prytania Street, as "I thought maybe he would stop," and he continued onward. The taxicab was struck after it had traversed a little more than half of the intersection.
We experience little difficulty in concluding that the driver of the taxicab was guilty of gross negligence under the circumstances. After stopping and then clearing the truck, he could see plaintiff's automobile approaching, but nevertheless he continued forward, thinking that the plaintiff would stop to let him pass across the intersection. We are convinced that plaintiff's automobile was in such proximity at the time as to constitute an immediate hazard to a safe crossing of the intersection *831 by the taxicab, and the taxi driver should have realized that fact.
When confronted with a stop sign erected by the proper officials of the city, in addition to being legally obligated to bring his vehicle to a complete stop, a motorist is held to the duty of appraising traffic conditions in the intersecting street, and of making certain that the way is clear for him to make a safe passage across the intersection. It has been said that when a motorist stops his vehicle before entering a right of way street, he has performed only half of the duty which the law imposes upon him. To stop and then proceed forward in the immediate path of oncoming vehicles, constitutes gross negligence. See Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145.
This leaves for consideration the alternative plea made by defendants, that plaintiff was guilty of contributory negligence and as a result is barred from recovering the amount of damage sustained by his automobile.
According to the provisions of Ordinance No. 13,702, C.C.S., which regulates the movement of vehicular traffic on the streets of New Orleans, the placing of the stop sign on Erato Street facing traffic traveling thereon, and requiring such traffic to stop before entering Prytania Street, had the effect of constituting Prytania Street what is known as a through street, and the permitted speed thereon, as fixed by the ordinance, is thirty miles an hour.
The speed of plaintiff's automobile was below the maximum permitted by the ordinance, and plaintiff was under no duty to stop or slacken his speed before crossing the Erato Street intersection, because of the fact that traffic traveling on Erato Street was required by law to stop before entering Prytania Street.
Under Art. V, sec. 3(b) of the ordinance, the speed of a vehicle is restricted to fifteen miles an hour when approaching within fifth feet of and in traversing an intersection, when the operator's view is obstructed. It is true that the corner in question was blind as to the drivers of both vehicles, but the provisions of the ordinance do not require that one traveling on a through street is required to take the same precautionary measures as one who is traveling on the unfavored street at a blind corner. On the contrary, the section of the ordinance in question specifically excepts from its provisions traffic traveling on a through street.
Defendants argue that the taxicab pre-empted the intersection and had the right to continue across it, and that this right should have been respected by plaintiff. To pre-empt an intersection does not mean an entry therein by a vehicle under hazardous circumstances, in the face of on-coming traffic. To pre-empt an intersection, a motorist must have made his entry therein with the opportunity of clearing the intersection without obstructing the path of another vehicle, under normal and reasonable conditions and circumstances. See Aucoin v. Houston Fire & Cas. Co., La.App., 44 So.2d 127.
We fail to comprehend how plaintiff, situated as he was, can be said to have been guilty of contributory negligence.
As a result of the collision, the front portion of plaintiff's car, as well as the two front fenders, was damaged. Two days after the accident, plaintiff brought his car to an automobile repair mechanic, who made an estimate of the damage and the cost of repairing the same. The estimate amounted to $176.43. The mechanic appeared as a witness for plaintiff, and the amount of the damage was amply proved by him. It does not appear that at the time of the trial the repairs to plaintiff's car had been made, but that fact does not militate against his recovery. It is well settled that under such circumstances damages to the amount of an estimation of the repairs necessary to place the automobile in the condition in which it was before the accident may be allowed. Christian v. Martin, La.App., 38 So.2d 181.
For the above reasons, the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there *832 be judgment in favor of plaintiff and against the defendant, Toye Bros. Yellow Cab Company, for the sum of $176.43, with legal interest from judicial demand, and for all costs of both courts.
Reversed.