REGAN, Judge.
Plaintiff, Charles T. Newton, owner and operator of a 1948 Studebaker, instituted this 'suit endeavoring to recover the sum of $100.05, representing property damage incurred by his automobile on February 2nd, 1950, at about 5 :30 p. m. by virtue of a collision in the descending (outbound) intersection of Esplanade Avenue and North Tonti Street, with an automobile designated as a “Veterans Taxicab”, operated at the time of the accident by the defendant, Ulysses M. Ortego.
Defendant answered denying that he was guilty of any negligence in t'he premises and, in the alternative, pleaded contributory negligence.
From a' judgment in favor of plaintiff, defendant prosecutes this appeal.
The record reveals simple, but the usual controversial facts almost always present in an intersectional collision.
Esplanade Avenue is a much traversed and well known boulevard in the City of New Orleans. It originates at the river and terminates at the entrance to City Park and consists of an ascending (inbound) and a descending (outbound) roadway, separated by what is colloquially referred to as a neutral ground, measuring approximately three feet in width. North Tonti Street is a conventional roadway which intersects or crosses Esplanade Avenue and originates at Canal Street and terminates at the St. Bernard Parish boundary line.
Plaintiff was driving his car, near the neutral ground, in the descending (outbound) roadway of Esplanade Avenue, which is a right-of-way or preferred street, in the general direction of the City Park, at a speed of fifteen to twenty miles per hour, which speed is, of course, disputed by defendant, who says plaintiff was traveling at a speed of about thirty miles per hour, and he concedes that in the precarious situation presented by the impending collision,, he only had about “two seconds or so” in which to intelligently calculate the speed of plaintiff’s car. As plaintiff approached the intersection of North Tonti Street he observed a New Orleans Public Service passenger omnibus parked on the right side of Esplanade Avenue near the corner of N. Tonti Street and that almost simultaneously, as he passed the location of the parked omnibus the accident occurred, which resulted in damaging the right front section of his car.
Defendant, accompanied by three passengers, was driving his taxicab on North Ton-ti Street towards the descending (outbound) roadway of Esplanade Avenue; that upon arriving at the intersection he stopped, looked to his left, in order to observe approaching traffic, and noticed the parked passenger omnibus, which he admits obstructed his view of the Esplanade Avenue traffic; however, the operator of the omnibus signalled or beckoned defendant to pass in front of the bus and he, therefore, proceeded at a speed of about ten or twelve miles per hour and insists that he had negotiated about seventeen feet of the outbound roadway of Esplanade Avenue when-the collision occurred.
Both litigants mutually agree that, at the-time of the accident, it was raining and,, therefore, the streets were wet; but beyond, this fact there is little accord in their testimony.
No witnesses appeared on behalf of either the plaintiff or the defendant in the court, a qua, to ■ substantiate their respective testimony as to the precise manner in. which the accident occurred, however, the-focal point of the case is found in the testimony of the defendant, as follows:—
“Q. When you were in front of the bus. did you look to your left? A. Yes, sir.
*151 “Q. And did you see the plaintiff’s automobile? A. No, sir, * '* *.
* * * * * *
“You couldn’t see around that bus, could you? A. No, sir, I couldn’t see-through the bus.”
-In our opinion the sole -cause of the accident was defendant’s failure to see and observe plaintiff’s car before entering the right-of-way street in which plaintiff’s car was travelling and defendant’s failure to see that which he should have seen constituted as much negligence as though he had not looked at all. Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829; Thigpen v. Mangin, La.App., 46 So.2d 316; Glen Falls Insurance Co. v. Copeland, La.App., 28 So.2d 145; Hartford Fire Ins. Co. v. Romero, La.App., 5 So.2d 208.
Plaintiff, in the trial court, adequately proved damages to his automobile in the amount of $100.05.
This is obviously a -case which permits of the application of the accepted doctrine that the conclusions of a trial court will not be disturbed or reversed when questions of fact are exclusively encompassed by the judgment.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.