REGAN, Judge.
Plaintiffs, Mr. and Mrs. Donald B. Mitchell, instituted this suit endeavoring to recover the sum of $3,397.25, representing personal injuries suffered by Mrs. Mitchell, the operator of her husband’s automobile, 'in the amount of $3,000.00 and property damage in the amount of $397.25, incurred by Mr. Mitchell’s 1941 Studebaker Sedan, on October 7th, 1944, by virtue of a collision in the “uptown lake” intersection of Canal and Galvez Streets, with an Oldsmo■bile Sedan owned and operated by the defendant, Elliott G. Terrell.
Defendant answered denying that he was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Mrs. Mitchell, whom we shall refer to hereinafter as the plaintiff.
From a judgment in favor of Mr. Mitchell in the amount of $397.25 and Mrs. Mitchell in the amount of $500.00, defendant prosecutes this appeal.
The record reveals simple, but the usual embellishment of controversial facts and disputations ad infinitum almost always present in an intersectional collision.
Canal and Galvez Streets are much traversed and well known boulevards in the City of New Orleans, and each consists of an ascending and descending roadway, separated by what is colloquially designated as a neutral ground. River and lake bound street cars operate within the boundaries of the Canal Street neutral ground. When this accident occurred in 1944 there were no automatic police semaphore traffic signal lights in this intersection to facilitate the regulation of trolley and vehicular traffic, but there were conventional “stop signs” erected for the .benefit of Galvez Street traffic entering Canal Street.
*700 Plaintiff testified that she was the only occupant of her car and was driving in the left traffic lane of Canal Street at a speed of about twenty to twenty-five miles per hour in the general direction of the river, and approaching the lakeside intersection of Galvez and Canal Streets. Simultaneously a river bound street car stopped in the Canal Street neutral ground on the lakeside of Galvez Street in order to discharge passengers. While these facts were transpiring, defendant, accompanied by five passengers, was driving his car in the right traffic lane of N. Galvez Street, away from Bienville and approaching Canal Street where he came to a “full stop” before entering the intersection. He then proceeded across the lake bound roadway of Canal Street and into the neutral ground area where he observed the stationery street car and he testified “I looked. I tried to look. I had to' pull out before I could see.” “I eased out in the uptown side of Canal Street.” “I figure about fifteen miles per hour.” “Just as I pulled out (about 7 feet) I saw her pulling and I turned the car towards the river and she hit me right at the front door around the hood.” Defendant further testified that plaintiff’s car was travelling at a speed of “between forty and fifty miles an hour.”
Plaintiff testified that as she entered the intersection, defendant’s vehicle struck her car and knocked it into the Galvez Street neutral ground where she was thrown out of her car and rendered unconscious.
The testimony of Mr. and Mrs. Mitchell who had, prior to the trial of the case in the court, a qua, moved to Minden, Louisiana, was taken by deposition and appears in the record uncontradicted. Defendant did not file cross-interrogatories to be propounded to the plaintiffs.
In our opinion the sole cause of the accident is reflected by defendant’s testimony and was his failure to see and observe plaintiff’s car before entering the right of way street in which plaintiff’s car was travelling and defendant’s failure to see that which he should have seen constituted as much negligence as though he had not looked at all. Newton v. Ortego, La.App., 51 So.2d 149.
Defendant also failed to comply with the provisions of the Traffic Ordinance No. 13702 C.C.S. Art. VI, Sec. 10(b) which reads as follows:
“On streets and avenues having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have the right of way to complete the crossing of the roadway of such street or avenue under the following conditions :
“Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn and give opportunity for approaching vehicles in the roadway to come to a stop1, it 'being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway.”
The defendant did not stop, sound his horn, nor afford Mrs. Mitchell an opportunity to- bring her car to a stop and thus permit defendant to complete t'he crossing.
No expert medical testimony appears in the record on behalf of Mrs. Mitchell. However, she testified that as a result of the collision she was thrown out of 'her car and rendered unconscious; that an ambulance removed her from the scene of the accident to the Charity Hospital where she remained two days. An examination disclosed that she had sustained “abrasions of the face, head, hip and legs, causing abscess which had to be lanced and drained, and severe back strain.” “Nervousness due to back injury resulted; disfiguring scars were left on limbs.”
In addition to the foregoing personal injuries suffered by Mrs. Mitchell, Mr. Mitchell sustained property damage to his automobile to the monetary extent of $397.25. We are of the opinion that plaintiffs have adequately proven both their personal and property damages.
The court, a qua, awarded Mrs. Mitchell $500.00 for personal injuries and *701 Mr. Mitchell $397.25 for damages to. his automobile and we are o-f the opinion that these amounts are not excessive.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.