LOTTINGER, Judge.
This is a suit for damages resulting in an automobile accident which occurred in the Parish of East Baton Rouge, Louisiana. The petitioners are Andrew Lee Kirby and his wife, Mrs. Effie Kirby. Mr. Kirby sues for his own personal injuries as well as for property damages, and Mrs. Kirby sues for personal injury. The defendants are Thomas Beale and his liability insurer, Great American Indemnity Company. The Lower Court awarded judgment in favor of petitioners and defendant has appealed. An answer to the appeal was filed by the petitioners.
The facts as found by the Lower Court were as follows : The accident occurred on September 4, 1955 about eight miles north of Baton Rouge on Louisiana Highway No. 37. Louisiana Highway No. 37 is a paved highway some eighteen or twenty feet in width, with shoulders of a width of ten feet on each side. The scene of the accident is a point on said highway where the driveway from Mr. Beale’s residence makes a “T” junction with the highway. At about 10 :20 a. m. on said date Mr. Beale drove his automobile in a northerly direction towards the highway, and entered same, apparently without stopping. Mr. Beale crossed the pavement, in an attempt to make a lefthand turn, and his front wheels wei'e on the shoulder, when his automobile was struck on the left by the Kirby car, which was driven by Mr. Kirby and in which Mrs. Kirby was riding as a passenger. The Kirby car was proceeding at a speed of 45' miles per hour or less, and the Beale car never exceeded 15 miles per hour. Neither driver was in violation of any speed laws.
Mr. Kirby testified that he saw the Beale automobile but that it appears that it would stop before entering the highway. Upon noticing Mr. Beale enter the highway directly in front of him, Mr. Kirby, being; faced with a sudden and unexpected emergency, turned to the left. A serious collision occurred in which both Mr. and Mrs. Kirby received personal injury. The Lower Court concluded as follows:
“From the facts stated it is my opinion the collision resulted from Beale’s, negligence in undertaking a left turn, from a private driveway on to a highway without making certain he could do so safely. Kirby was faced with a sudden emergency brought about by *279 Beale’s negligence. Under such cir'cumstances he cannot be charged with the responsibility of making the wisest •maneuver possible. Assuming that he might have avoided the collision by applying his brakes and turning sharply to his right, he cannot he charged with negligence because of his failure to do so. From the evidence it is my opinion he could not have avoided a collision by any possible maneuver.”
The Lower Court gave judgment in favor of petitioners in the amount of $4,046.80 for the injuries and damages of Mr. Kirby, and $15,000 for the pain, suffering and permanent disability of Mrs. Kirby. The defendants appealed from the decision, although they do no admit liability, their brief is devoted exclusively to the quantum. Petitioner Andrew Lee Kirby answered the appeal seeking an increase in his quantum, no answer was filed by Mrs. Kirby.
We feel that the facts as to the accident, as found by the Lower Court, were correct. The record conclusively shows that Mr. Beale attempted to make a left-hand turn into a highway directly in the face of the approaching Kirby automobile. The negligence of Mr. Beale, in such respect, is too well founded as to require citations. Nor do we believe that Mr. Kirby was guilty of any negligence in his attempt to avoid the collision by turning to his left. He was faced with a sudden emergency, and his maneuver was an attempt to avoid striking the Beale vehicle.
As to the personal injuries of Mr. and Mrs. Kirby, we have the testimony of four doctors.
Dr. Charles Voss, a physician and surgeon, had treated Mr. Kirby for several years. He testified that he had operated on Mr. Kirby prior to the accident, in 1955 for a left hernia. At that time, which was some six months prior to the accident, Dr. Voss testified that Mr. Kirby did not have a •right hernia. Although Dr. Voss did treat Mr. Kirby for pain in the lower part of his back and both legs, particularly the left leg, subsequent to the accident, Mr. Kirby did not complain of a hernia, nor was the hernia apparent at the time of these treatments. It appears however that shortly before the trial a right hernia did become apparent, and upon examining the day before the trial Dr. Voss did discover same. Dr. Voss testified that an operation to relieve the hernia would cost from $400 to $500. Although Dr. Voss did not treat Mr. Kirby subsequent to the accident until June 5, 1956, he testified that at that time he was complaining of pain in the lower part of his back and along both legs, particularly the left. He was having difficulty getting around, and it was necessary to inject morphine and oil to deaden the pain. The pain was described as great, and there were some four or five injections.
Dr. Arlo Chavers, a general practitioner, saw both Mr. and Mrs. Kirby immediately after the accident. He stated that he was called to the emergency room of the Baton Rouge General Hospital to examine them. Dr. Chavers testified that Mrs. Kirby was seriously injured and that Mr. Kirby was .concerned mostly with his wife’s injuries. He did testify however that Mr. Kirby complained of pain in both lower extremities, as well as general abrasions and contusions. Dr. Chavers examined Mrs. Kirby several times thereafter, and on these visits, Mr. Kirby did complain of his pain. Dr. Chav-ers testified that Mr. Kirby’s injuries appeared minor in comparison to the injuries of his wife. He further testified that he more or less neglected Mr. Kirby because of the serious injuries of Mrs. Kirby.
Dr. D. V. Cacioppo, a physician and surgeon, testified that he saw Mrs. Kirby at the request of Dr. Chavers on June 26, 1956. She was suffering from contusion of the chest with fracture of the seventh rib on the right side. She had contusions of both legs and the right hip region, and a deep abrasion of the right leg. The main injury was acute thrombophlebitis, which is an infection in the veins in the right leg. Dr. Cacioppo testified that this injury was directly related to the accident and was prob *280 ably permanent. Mrs. Kirby will have to wear ail elastic hose, and will have to take rest periods of one hour in the morning and afternoon probably for the rest of her life. Standing on the leg will aggravate the injury and cause swelling along the foot, ankle and lower half of the leg, and will cause pain in the leg. Dr. Cacioppo testified that she has already reached her maximum point of improvement, and that the injury will probably remain in status quo for the remainder of her life.
Dr. Charles McVea examined both parties and his reports were submitted into evidence by the defendants. His reports are substantially in line with the testimony of the other experts.
The record shows that Mrs. Kirby is 65 years of age. Prior to the accident, in accordance with her physician, Dr. Chavers, she was a happy, healthy looking person. In the words of Dr. Chavers: “She is a healthy, happy looking person again. I say healthy, to the extent that she can be, but I don’t believe that I saw anyone change from an appearance of happiness to real dread of living as this lady did, because I feel in my own mind that she had as much pain as you can stand and still get along in life. I really do. I mean that sincerely.”
The record conclusively shows that as a result of this accident she received a broken rib, general abrasions and contusions, and the resulting acute thrombophle-bitis of the right leg. She remained in the hospital for a period of 48 hours, after which she went home but remained in bed for some six weeks. She then went through a period in which she could get up for about three hours a day and had to remain in bed for the rest of the time, which period extended some three or four months. The injury is permanent, and Mrs. Kirby will never be able to get around as she did prior to the accident. For these injuries the Lower Court awarded her the sum of $15,-000. Taking everything into consideration, we are of the opinion that the award to Mrs. Kirby is excessive and should be reduced to $10,000. See Wainwright v. Globe Indemnity Co., La.App., 75 So.2d 554.
Mr. Kirby is a gentleman of 67 years of age. At the time of the trial, he had evidently completely recovered except for the hernia which will require an operation. The Lower Court concluded that the right hernia was a result of the accident. The Court further found other injuries, which are outlined above, and awarded judgment to Mr. Kirby in the amount of $3,000 for his personal injuries. We believe this award neither inadequate nor excessive.
The amount of damages for a personal injury is always difficult to determine but we are of the opinion that the awards herein made will do substantial justice to all parties.
Therefore, for the reasons assigned, the judgment of the Lower Court will be amended by reducing the award of Mrs. Kirby from $15,000 to $10,000 and as amended same will be affirmed, all costs of this appeal to be paid by defendants.
Judgment amended and as amended affirmed.