146 So.2d 649 (1962)
Rodise JENKINS et al.
v.
Raymond BRIGNAC et al.
No. 5652.
Court of Appeal of Louisiana, First Circuit.
November 9, 1962.
*650 A. J. Kling, Jr., Gonzales, for appellant.
Gamble & Gamble, by Harry P. Gamble, III, New Orleans, for appellee.
Before ELLIS, LOTTINGER, LANDRY, HERGET and REID, JJ.
REID, Judge.
Plaintiff, Rodise Jenkins, individually and on behalf of two minor children brings this suit against Raymond Brignac and his wife, Mrs. Eunice Brignac, individually and in solido, for the total amount of $1220.95 with legal interest from judicial demand until *651 paid and costs. Plaintiff itemized his damages as follows:

Damage to 1956 Chevrolet $405.00
Medical expenses 18.00
On behalf of his minor son, Rodise
 Jenkins Jr., for personal injuries,
 pain and suffering, etc. 500.00
On behalf of his minor daughter,
 Alice Jenkins, for personal injuries,
 pain and suffering, etc. 300.00
 ________
 Total $1220.95

This suit arose out of an intersectional collision on U.S. Highway 61.
Mrs. Brignac was driving her husband's car, a 1955 Chevrolet on Louisiana Highway 431 in an easterly direction in the small town known as Brittany, Louisiana. Rodise Jenkins was driving his car north on U.S. Highway 61, which is a four lane highway with a neutral ground in the middle between the two lanes on each side, having the right of way over Highway 431. Mrs. Brignac came to a stop on the west side of U.S. Highway 61 and then proceeded across to the neutral ground in the middle of said Highway 61. When she arrived at the east side of the neutral ground, which is the west side of the two lanes of traffic going north on Highway 61 she again stopped, looked in both directions and then proceeded across the north bound lanes of Highway 61. She crossed the left lane of the north bound two lanes of the Highway and was in the act of crossing the right hand lane when she was struck on the right rear by the plaintiff's car driven by the plaintiff, Jenkins. The testimony convinces the Court Mrs. Brignac's car was in the extreme right hand lane of Highway 61, and in fact her front wheels were on the east edge of the pavement, or had crossed the pavement, and the rear end of her car was practically about the middle stripe between the two north bound lanes. Mrs. Brignac had her fifteen year old daughter, Fay Nell Brignac, and her thirteen year old son, Larry Brignac, in the car at the time of the accident. She was proceeding toward Port Vincent, Louisiana.
Plaintiff Jenkins had his two children Rodise Jenkins Jr., and Alice Jenkins with him, together with Leo Richburg and his wife, Mrs. Frances Richburg. Leo Richburg was riding in the front seat with plaintiff, and his wife, and the two children were seated on the back seat.
The defendants filed an answer and reconventional demand denying the negligence on their part and stating the accident was caused by the negligence of the plaintiff. They then reconvened Raymond Brignac, individually in the sum of $251.75 covering damages to his car in the amount of $100.00, medical expenses in the amount of $114.75, and ambulance service in the amount of $37.00; and on behalf of his minor son, Larry Brignac for personal injuries, pain and suffering in the amount of $3000.00; on behalf of Fay Nell Brignac for personal injuries, pain and suffering in the amount of $6000.00 and Mrs. Eunice Brignac for the sum of $8000.00 for personal injuries, pain and suffering.
This case was consolidated with a suit filed by Leo Richburg and his wife, Mrs. Frances Richburg, Suit No. 5653 on this Appellate Docket. Separate judgments were rendered by the Trial Court, in each suit, and separate appeals taken.
The District Judge rendered judgment in favor of the plaintiff, Rodise Jenkins, individually and against the two defendants in solido in the amount of $402.95 for property damage to his car, and in the amount of $18.00 for medical expenses and in Rodise Jenkins' favor on behalf of the minor Rodise Jenkins, Jr., in the amount of $150.00 for personal injury, pain and suffering, and in Rodise Jenkins' favor on behalf of the minor, Alice Jenkins, in the amount of $150.00 for personal injury, pain, and suffering with legal interest from judicial demand until paid. The reconventional demand was rejected.
*652 The District Court held in its written reasons for judgment the plaintiff had the right of way on the favored highway and was entitled to presume his passage would not be impeded by the defendant from the less favored road at the intersection. Further, that plaintiff was travelling at a legal speed when confronted by defendant's car a short distance in front of him and was faced with an emergency so that a prudent driver exercising reasonable care would be excused if he failed to exercise the best judgment, and plaintiff could not be held negligent because he jammed his brakes and skidded into defendant's car when it might have been possible for him to avoid the collision by driving to the left and around defendant's car. The Court further found the defendant driver was negligent in the operation of her vehicle and such negligence was the proximate cause of the accident.
From this judgment the defendant appealed and set forth the following specifications of error.
1. The District Court erred in the finding of facts in this matter:
(a) In not holding that plaintiffs in reconvention had preempted the intersection where the accident occurred.
(b) In not finding that plaintiffs had the last clear chance and failed to exercise same.
(c) In not finding that plaintiffs were engaged in a joint venture.
(d) In not finding that plaintiffs were generally negligent in the operation of their vehicle.
2. The District Court erred in rendering judgment against the defendants and not in favor of defendants on their Reconventional Demand.
All parties agree the appeal presents only a resolution of the facts. Plaintiff claims the facts show Mrs. Brignac was guilty of negligence and her negligence was the cause of the accident, and the defendant claims that the plaintiff was guilty of negligence and has negligence was the cause of the accident. The defendant argues that the Brignac car had entered the intersection first, and had preempted it, and that the plaintiff was driving at an excessive rate of speed. The defendant further contends the plaintiff could have gone around the Brignac car to the left, or west, in the other lane of traffic and avoided the accident. There is no question but what the accident happened in the extreme east lane of the four lane Highway 61. The defendant stopped both at the west of Highway 61 and at the east end of the neutral ground. She looked both ways and did not see anything, nor did any of the occupants of her car see anything. The plaintiff was proceeding north on the east, or right hand lane for north bound traffic at a speed of 55 to 60 miles per hour. He saw the Brignac car coming to a stop both at the west side of Highway 61, and at the neutral ground. He presumed that she was going to remain in the neutral ground until he passed. At the time he was about 75 or 100 yards away. When he realized that Mrs. Brignac was not stopping and was proceeding across the north bound lane he was about 100 feet from the intersection. He slammed on his brakes and attempted to turn left but struck the Brignac car on the right rear and his car skidded about 50 feet further and the back end swung to the left, the result being it was headed back the way it was coming from.
We agree with the Trial Court the defendant was guilty of negligence by stopping at the intersection in the neutral ground, and proceeding across without first ascertaining she could cross it with reasonable safety.
It was incumbent upon her before proceeding across the favored four lane highway to ascertain that she could cross the same with reasonable safety without impeding or endangering traffic already on the highway. LSA-R.S. 32:237, subd. E; LSA-R.S. 32:239, Arline v. Alexander, La. App., 2 So.2d 710; Glen Falls Ins. Co. v. *653 Copeland, La.App., 28 So.2d 145; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829; Kirby v. Great American Indemnity Co., La.App., 98 So.2d 277.
The defendant cannot claim preemption unless she can show that her entry was one with the opportunity of clearing the intersection without endangering the passage of vehicles travelling on the favored highway under normal and reasonable conditions.
See Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829.
Plaintiff definitely had the right of way and he had the right to presume that his passage would not be impeded by one crossing the same on a less favored road. Payne v. Prestridge, 16 La.App. 479, 133 So. 2d 512; Marler v. State, La.App., 78 So.2d 26; Gautreaux v. Southern Farm Bureau Gas Co., La.App., 83 So.2d 667; Ehtor v. Parish, La.App., 86 So.2d 543.
Plaintiff was travelling at a legal speed on a major highway and when confronted by the sudden emergency caused by defendant, used his best judgment under the circumstances and therefore cannot be held negligent because he skidded into defendant's car when he might possibly have swung to the left and around the car. Furthermore, he testified he attempted to make such a maneuver but with his brakes jammed and his car skidding, it was not possible for him to do so.
We believe the recent case decided by this Court, Bergeron v. Hetherwick, La. App., 140 So.2d 440 is in point on this case, involving an accident which occurred at the intersection of North Eighth Street and the northern or west bound lane of North Boulevard in the City of Baton Rouge. Mrs. Hetherwick was proceeding north on North Eighth Street. She crossed the east bound lane of North Boulevard and entered the neutral ground. Before proceeding across the west bound lane of North Boulevard she came to a complete stop within the neutral ground. She looked to the right but did not see a car coming, then proceeded out into the intersection. She did not see the Bergeron car until a split second before the impact, thus presenting an almost identical set of facts as we have in the instant case. The holding in the Bergeron case was that a motorist on a right of way street has the right to assume any driver approaching an intersection on a less favored street will observe the laws and bring his car to a complete stop before entering the intersection and will not attempt to enter the intersection when it was obviously unsafe to do so. We are in accord and adopt as our own as being decisive of the factual issues herein that portion of the opinion of Court of Appeal, Orleans, Thigpin v. Mangin, 46 So.2d 316, which held, viz.:
"In our opinion, the sole cause of the accident was defendant's failure to see and observe plaintiff's car before entering the right of way street in which plaintiff's car was travelling and defendant's failure to see that which he should have seen constituted as much negligence as though defendant had not looked at all. Hartford Fire Insurance Company et al v. Romero, La. App., 5 So.2d 208."
As to quantum Counsel for defendant concedes the verity of the claim for property damages and medical expenses. The two children, Rodise Jenkins Jr., and Alice Jenkins, suffered minor damages with no permanent injuries. The period of incapacity was very short so that the Court feels the award of $150.00 to each is adequate, and the Plaintiffs-Appellees filed no answer to the appeal requesting any increase.
We affirm the judgment of the Lower Court.
Affirmed.