## CIRCUIT COURT OF ROCKINGHAM COUNTY

Patricia Ann Roussel

v.

George Albert Roussel, IV

October 24, 2003

Case No. CL00-12280

BY JUDGE JAMES V. LANE

This case is before the Court on Defendant's Motion for Summary Judgment. Defendant alleges in the Motion that the Plaintiff's claim is barred by the doctrine of *res judicata* and/or by the doctrine of equitable estoppel and other policy considerations.

### Facts and Stipulations

On November 16, 2000, the Plaintiff filed a Motion for Judgment against the Defendant, George Albert Roussel, IV, seeking compensatory and punitive damages for an alleged assault and battery upon her. The Defendant filed a Grounds of Defense as well as a Cross-Claim against the Plaintiff also requesting compensation for alleged assaults and batteries against him. On February 12, 2001, the Plaintiff, Patricia Ann Roussel, filed a Bill of Complaint seeking a divorce from the Defendant on the grounds of abuse, adultery, and desertion. The tort action was not actively pursued by either party during the divorce proceedings, and, eventually, the parties reached a settlement regarding equitable distribution. There was also an agreement during the divorce trial that the Plaintiff would not present evidence of her abuse, but would, in fact, limit her fault evidence to the Defendant's adultery. The final Decree of Divorce was entered on the grounds of adultery on May 6, 2002.

As can be seen from the divorce transcript, which has been stipulated into the record of this law action, the Court considered all the factors set forth in § 20-107.1(E) and set forth its findings and conclusions as required by § 20-107.1(F). A reading of the transcript, in fact, reflects that the Court

considered adultery, on which evidence was taken, in its determination of spousal support; however, there is no finding regarding the alleged assault and battery upon the Plaintiff as a basis for the determination of the amount of spousal support to be paid to the Plaintiff.

The Amended Stipulation, which was filed with the Court by the parties on October 20, 2003, is hereby incorporated by reference in this Opinion and Order.

## Question Presented

Does the final Decree of Divorce entered by the Rockingham County Circuit Court on May 6, 2002, preclude the continuation of the pending law action for assault and battery allegedly occurring during the marriage?

## Analysis

Both parties have extensively briefed this matter, and it would appear to the Court that this is a case of first impression in the Commonwealth. The Defendant's reliance upon the doctrine of *res judicata* in support of his Motion for Summary Judgment requires that the Defendant prove the applicability of *res judicata* by a preponderance of the evidence.

The most recent case which discusses the doctrine of *res judicata* is *Davis v. Marshall Homes*, 265 Va. 159 (2003). As stated in *Davis*:

[t]he bar of *res judicata* precludes a relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies.

265 Va. at p. 164.

The Defendant argues that the tort claim of the Plaintiff could have been brought in the equity proceeding and that she could have obtained a jury trial through an issue out of chancery. In *Davis* the term "could have been litigated" refers to the act of claim-splitting, which relates to the practice of bringing successive suits on the same cause of action with each suit only addressing a portion of the claim. This Court, therefore, must determine whether or not the divorce proceedings in which one paragraph of the Bill of Complaint refers to the assault and battery is, in fact, the same cause of action as the pending tort claim, which seeks damages, both punitive and compensatory damages, for the alleged assault and battery. The reason for the doctrine of *res judicata* as noted in *Davis* is a public policy consideration to avoid multipliticity of suits and to bring litigation to finality.

Although the issue before this Court has not been decided by the Virginia Supreme Court, the Defendant cites the case of *Schmidt v. Schmidt*, 12 Va. Cir. 313 (1988), in which Judge Markow dismissed the wife's subsequent law action against her husband claiming damages for fraud and misrepresentation. The action was dismissed on the grounds of *res judicata* in that the Court found that the wife should have asserted such claims during the divorce proceedings. The ruling was based upon the fact that the husband's promises "to always take care of her" and that "she need not worry financially" were clearly the same cause of action as determined in the divorce proceeding with regard to spousal support. It is, therefore, the opinion of this Court that the *Schmidt* case is clearly distinguishable in that the separate law action regarding the contract or promise made by the husband was, indeed, claim-splitting, which is prohibited under the doctrine of *res judicata*.

The Defendant cites the cases of *Weil v. Lammon*, 50 So. 2d 830 (Ala. 1987), and *Jackson v. Hall*, 460 So. 2d 1290 (Ala. 1984), in support of his motion. These cases were relied upon by Judge Markow in his decision in *Schmidt*. The Alabama line of cases are, in the opinion of this Court, not persuasive authority since, as noted in the *Weil* case, the merger of law and equity in Alabama has allowed all claims arising between spouses to be resolved in the pending divorce action with the Court's being given the option of simply setting aside a tort claim to be tried before a jury if so requested. This gives the party the option of a full jury trial as opposed to an issue out of chancery, which is argued by the Defendant to have possibly been available in the present matter.

Although my review of the case law from the various states may not be all inclusive, it would appear that the majority of states in which this matter has been decided do not support the Defendant's Motion for Summary Judgment based upon the doctrine of *res judicata*. See *Cater v. Cater*, 311 Ark. 627 (1993); *Nash v. Overholser*, 114 Idaho 461 (1988); *Henriksen v. Cameron*, 622 A. 2d 1135 (Me. 1993); *G.A.W., III v. D.M.W.*, 596 N.W.2d 284 (Minn. 1999); *Sotirescu v. Sotirescu*, 52 S.W.3d 1 (Mo. App. 2001); *Slansky v. Slansky*, 150 Vt. 438 (1988); *Plankel v. Plankel*, 68 Wn. App. 89 (1992); *Drake v. Drake*, 2001 Wy. 56 (2001). The case which is quite similar to the present case before the Court is the *Nash* case decided by the Supreme Court of Idaho. In that case, the parties received their decree of divorce in 1985 and the wife filed her complaint in 1986 arising from several assaults and batteries during the marriage. Several of the assaults and batteries were, in fact, dismissed under the statute of limitations, and the husband alleged that the remaining action was barred by the doctrine of *res judicata*. Although the court noted that, in Idaho, the courts do have jurisdiction to address and

resolve issues of intentional wrongful conduct during the marriage, that a mandatory joinder of tort claims with equitable divorce proceedings would be undesirable and unfair. It was specifically noted that the requirement of joining a tort claim with the divorce action would waive the wife's right to a jury trial on her tort claim. It was also noted that the grounds of divorce did not concern physical or mental cruelty, which were the basis of the tort claim, which was allowed to continue.

In the present case before this Court, it is clear that neither party chose to address their pending assault and battery claims in the divorce proceedings. In fact, the record reflects that no evidence was presented regarding the assault and battery nor did it form a basis for the divorce decree being entered or the determination of spousal support. It is also of significance that, unlike Alabama, in which law and equity have been merged, the plaintiff would, in fact, have no right to a jury trial on the issue of the assault and battery. It is the opinion of this Court that the pending law action is not barred as claim-splitting in that it would not constitute a re-litigation of the same cause of action which was litigated in the divorce proceedings. The defendant's Motion for Summary Judgment based upon the doctrine of *res judicata* will, therefore, be denied.

With regard to defendant's claim that the doctrine of equitable estoppel and policy considerations support his Motion for Summary Judgment, the Court finds that the stipulation of facts as well as the record, which has been reviewed, does not support the claim of equitable estoppel. As stipulated in Paragraphs (8)(A), (B), and (C), the plaintiff, in fact, offered a comprehensive settlement of all claims, including her assault and battery claim, which proposal was rejected by the defendant as it related to any additional compensation for the assault and battery action. It was expressly agreed that the assault and battery action would, in fact, be set aside "for another time if Mrs. Roussel later chose to pursue her claim." Collateral estoppel would only apply if the defendant relied upon a representation that the assault and battery claim were, in fact, included in the divorce proceeding and he had changed his position to his detriment in reliance thereon. The Defendant's citation of the case of *Hecock v. Hecock*, 30 Mass. App. 304, 308 (1991), is not applicable to the present case in that there was no ambush in these proceedings since both parties had pending tort claims against each other and mutually agreed that there would be no comprehensive resolution of those matters in the divorce proceeding.

The Defendant's statement in his Memorandum in Support of Motion for Summary Judgment that, since the Plaintiff took no steps in furtherance of the prosecution of her tort claim during the divorce proceedings, "it was

reasonable, therefore, for Dr. Roussel to assume that the claim of assault and battery had been considered and addressed in full as part of the divorce proceeding" falls far short of satisfying the requirements of equitable estoppel based upon the uncontroverted facts of this case.

Defendant's final argument in support of his Motion for Summary Judgment concerns policy considerations relating to the possible effect of an adverse judgment against the Defendant in the tort action. Once again, if this Court were located in a jurisdiction where there was a total merger of law and equity, as in Alabama, it may be conceivable that all matters could be litigated in one proceeding. However, this argument relates back to the original basis of the doctrine of *res judicata*, which the Court has already found does not bar the pending law action from being continued. I find no public policy need which would require the Plaintiff to forfeit her right to a jury trial in the pending law action.

## Order

For the reasons more particularly set forth above, it is hereby adjudged and ordered that the Defendant's Motion for Summary Judgment be and hereby is denied. The Clerk is directed to send attested copies of this Opinion and Order to all counsel of record. And this case is continued.