A. Hollingsworth Phillips, the plaintiff herein, was injured and his automobile damaged as the result of a collision between that car and a light Ford truck occurring about noon of September 28, 1937, at the intersection of the Sibley Road and Pennsylvania Avenue in the Town of Minden, Louisiana.
O.P. Avinger, a grocer of that municipality, owned the truck; but it was being driven at the time by Harry Leftwich, an employee 17 years of age, who was acting in the course and scope of his employment.
Avinger and the New Amsterdam Casualty Company, the truck's insurer, were made defendants in this action brought for the purpose of recovering the damages sustained by plaintiff. The petition, containing appropriate allegations of fact, charges that Leftwich was grossly negligent in the operation of the truck and that his negligence solely caused the accident.
The insurer was released from the suit on the sustaining of its exception of no right of action. 193 La. 314, 190 So. 565.
Avinger, following the overruling of his exceptions of no cause and no right of action, filed an answer in which he denied negligence on the part of his employee, Leftwich, and alternatively pleaded that plaintiff was contributorily negligent.
After trial, the district court rendered judgment, supported by written reasons, in favor of plaintiff for $2,405.75. From it Avinger appealed.
Plaintiff departed this life since the arguing and submission of the case in this court, and his heirs at law, through a written motion, have been substituted for him.
The petition states both a right and a cause of action against appellant, and his exceptions, which are re-urged here, were correctly overruled.
The Sibley Road, at and near its intersection with Pennsylvania Avenue where the accident occurred, runs north and south. It has a 40 foot concrete surface, providing four traffic lanes, and is designated a right-of-way street. For a distance of 315 feet north from the point of collision, it is straight and inclines somewhat, after which it curves slightly toward the west and continues on an incline. That part of Pennsylvania Avenue lying west of the Sibley Road is 40 feet wide, is surfaced with gravel, and leads to the Minden Light and Water plant.
Parked along each side of the Sibley Road north of such intersection, on the day in question, were numerous large trucks, many of which were loaded with cotton. A cotton gin on the east side and a compress on the west side were responsible for their presence.
Plaintiff, according to our appreciation of the conflicting evidence in the record, departed from the light and water plant and traveled easterly on Pennsylvania Avenue. His view to the left, on reaching the Sibley Road, was obstructed by the compress building and the parked large trucks; so he drove slowly into the intersection and *Page 98 
brought his machine to a stop at the nearest point favorable for proper observation. After looking first to the left and then to the right and ahead, and seeing no approaching vehicles, he proceeded forward very slowly.
At the commencement of the automobile's forward movement after the stop, the truck, proceeding on the Sibley Road toward the intersection from the north and on a down grade, was near the north end of the compress building, almost 270 feet away. It was traveling fast, stated several of the witnesses. Its driver estimated the speed, but not with certainty, at 30 miles per hour. We are satisfied that this estimate was much too low. In all events, such speed, whether 30 miles per hour or more, was excessive in view of the heavy traffic of that locality, particularly the numerous vehicles parked on both sides of the street.
Leftwich saw plaintiff's car, nearly 270 feet in front of him, when its forward motion across the Sibley Road began; but he continued the truck's excessive speed and merely sounded the horn. When very near the intersection, he again blew the horn, applied the brakes and steered the truck to the left. The truck's front crashed into the front left side of the automobile. The front wheels of the latter vehicle, at the moment of impact, were across and east of the medial black line, a point that the car had reached by means of a slow jerky motion.
Our conclusion, based on the stated factual finding, is that Leftwich was guilty of gross negligence by his fast driving and the imprudent operation of the truck, and that it proximately and solely caused the accident. A duty devolved on him when he observed plaintiff's car, a considerable distance away and moving slowly and jerkily through the intersection after having negotiated the required stop, to reduce his speed and bring the truck under proper control. There was sufficient time for this operation, the accomplishment of which would have meant an avoidance of the collision. His duty was not discharged. As the trial judge correctly commented, "he was relying on his horn when he should have relied on his brakes."
It is true that Leftwich was on what is termed a right-of-way street, but he enjoyed no privilege at the intersection superior to that of plaintiff for the reason that the latter had entered and preempted it when the truck driver was not in close proximity thereto.
On the other hand plaintiff did everything required of him. Before attempting the crossing he stopped and made proper observation of traffic conditions. No approaching vehicle from his left was seen, and he had good visibility for at least 200 feet in that direction. It was not incumbent on him, after stopping, to look the entire length of the Sibley Road or to await the passing of distantly approaching vehicles. He was entitled to believe that any oncoming machine, then beyond the range of his vision, would be traveling at a lawful rate of speed. Consequently, we think that he was free of any negligence contributing to the accident.
Defense counsel cites and relies on Buckner v. Powers, 12 La.App. 630, 125 So. 744; Carkuff v. Geophysical Service, Inc., La.App., 179 So. 490; Austin v. Baker-Lawhon Ford, Inc., et al., La.App., 188 So. 416; and Foy v. Little, La.App., 197 So. 313, in aid of the plea that plaintiff was contributorily negligent. We find that these authorities are distinguishable from the instant case by reason of different factual situations. In each of them the machine from the unfavored street attempted to traverse the intersection when the vehicle using the favored thoroughfare, traveling at a rate of speed not unlawful, was approaching at approximately the same time.
The judgment awarded plaintiff was for the sum of $2,405.75. Of this amount $405.75 was for medical expenses and damage to the automobile, items that appellant admits were proven. The remainder, or $2,000 was for the physical injuries, pain and suffering endured. This award, complains appellant, is excessive; while plaintiff, through an answer to the appeal, insists that it should be increased to slightly more than $5,000.
The quantum as fixed, we think, does justice to all parties, and it will not be disturbed.
Plaintiff, on the occurrence of the collision, was experiencing the age of 75 years; hence, his life expectancy was short.
On the other hand, he was rendered unconscious by the impact, and remained in such condition for a number of hours. An examination at the sanitarium disclosed that he suffered a brain concussion and also contusions and bruises on his head and left *Page 99 
shoulder. The injury to the brain affected his right eye, producing a double vision; and there developed in his left shoulder, as a result of the blow on it, traumatic neuritis which existed for many months. He was confined to his bed, under the care of a physician, for several weeks; and during most of the period he experienced excruciating pain.
On October 18, 1937, about three weeks after the mishap, he began visiting the office of an eye specialist to obtain relief from his double vision. This condition was eliminated during the next month of November. On May 4, 1939, or about one and one-half years later, plaintiff returned to the specialist. He still had no double vision, but there existed in his right eye another impairment that caused a reduction of sight. In the following August it was found that such eye possessed a condition known as glocoma, meaning an insufficient drainage of the fluid. The specialist, however, did not attribute this ailment to the accident.
As we find no error in the judgment appealed from it is affirmed.
DREW, J., recused.