This is an action for the recovery of damages to plaintiff's automobile allegedly resulting from the negligence of defendant. The defendant reconvened for damages to his automobile, and after trial, there was judgment in favor of plaintiff as prayed for, and the reconventional demands of defendant were rejected, from which judgment defendant has appealed.
The facts, which for the most part are undisputed, show that the accident occurred near the hour of 2:00 o'clock in the afternoon of July 27, 1947, at a point where State Highway No. 608 is intersected by a dirt road in Winn Parish. At the time plaintiff, hurrying to an appointment, was driving his Studebaker Coach east on the *Page 116 
gravel highway at a speed of 40 miles per hour, according to his own testimony. Plaintiff's car was either in the middle of the road, which fact was testified to by plaintiff, or on his left side of the highway, according to the testimony of other witnesses. Plaintiff was familiar with the road about the point where the accident occurred and knew of the intersecting dirt road, which was obviously dangerous by reason of the fact that a clear view from and of the highway was obstructed. In other words, the location is what is customarily referred to as a blind intersection. Defendant was driving his Mercury Sedan south and therefore was approaching from plaintiff's left, a fact upon which plaintiff heavily relies in support of his contention that he had the right-of-way. Defendant's car actually entered the intersection and had traversed a considerable portion of the width of the gravel road, estimated at one-half to two-thirds thereof, when it was struck by plaintiff's automobile. Plaintiff, realizing that he could not effectively apply his brakes, considering his speed, attempted to avoid the accident by swinging his car to the right, which maneuver permitted the front of his car to clear but, unquestionably, defendant's automobile was sideswiped, and, as the result of the contact with the left rear portion of plaintiff's car the latter vehicle turned over twice, before coming to rest at the side of the highway.
There is no question on the point that plaintiff had the right-of-way since he was approaching the intersection on defendant's right. But the only question is whether plaintiff himself was guilty of negligence to such extent as forfeited the right-of-way accorded to him by law, under the regulations governing the existing situation as particularly set forth in Rule 11, Section 3 of Act No. 286 of 1938, Dart's Statutes, § 5216, which reads as follows: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling in an unlawful, improper, reckless or dangerous rate of speed or manner shall forfeit any right of way which he might otherwise have hereunder."
We concede the proposition urged in plaintiff's brief that ordinarily a rate of speed of 40 miles an hour on a reasonably well kept gravel highway in open country is neither dangerous nor reckless. However, we are convinced, under the circumstances of the instant case, that such speed did constitute negligent and reckless driving. The operator of a motor vehicle who is either entirely or partly on the wrong side of the gravel highway, and who is driving at a speed of 40 miles per hour, approaching a known blind intersection, is unquestionably guilty of negligence.
Defendant's reconventional claim can only be allowed if the facts justify the conclusion that he was free of any contributory negligence since in the present case no point is made of the doctrines of discovered peril or last clear chance, which, indeed, would have no application here. It is definitely established that defendant was driving at a very slow speed, not more than ten miles per hour as most of the witnesses agreed. Despite this fact he did not bring his car to a stop before attempting to proceed across the intersection, nor did he observe plaintiff's approaching automobile until it was within a distance of some 20 feet more or less. The preponderance of the evidence appears to establish the fact that defendant actually brought his car to a stop momentarily before the impact. Notwithstanding this fact, we conclude that defendant was guilty of negligence in that he entered a blind intersection without taking full precautionary measures, and, unquestionably, such negligence contributed to the accident.
It is quite true that the determination of this case turns upon questions of fact and while we are exceedingly loath to find ourselves at variance in the interpretation of these facts with our distinguished brother of the district court, we think the record is so plain that we can only conclude, regretfully, that the error is so manifest as to justify a reversal.
For the reasons set forth the judgment appealed from is now reversed and set aside and there is judgment rejecting plaintiff's demands, and further judgment rejecting the reconventional demands of the defendant, all at plaintiff's cost. *Page 117