GLADNEY, Judge.
Reginald C. Wheat appeals from a judgment rejecting his demands for damages to his automobile and personal injuries of a minor nature. Suit was brought against William G. Brandt, and his insurer, the Allstate Insurance Company, and involves an intersectional collision at LaSalle Street and Sunset Drive in the Parish of Caddo, Louisiana.
Plaintiff alleged that on May 27, 1951, at about 12:30 P.M. he was driving his 1950 Nash automobile west on Sunset Drive and had entered and pre-empted the intersection when a 1941 Nash automobile of the defendant, Brandt, being driven south along LaSalle Street; struck petitioner’s car, causing it to leave the highway and overturn. Appellant charges that the collision was solely and proximately caused by the negligence of appellee in the following respects : in failing to keep a proper lookout; in operating his vehicle at 'an imprudent rate of speed; and by entering the intersection at a time when the intersection had *239 already been entered by appellant’s car. In the alternative, plaintiff pleads the last clear chance doctrine.
Appellee and his insurer deny generally the allegations of the petition, averring that the two automobiles reached the intersection at approximately the same time and they further allege that the proximate cause of the collision was the fault and negligence of Wheat in traveling at an excessive rate of speed, estimated at more than fifty miles per hour; in failing to yield the right-of-way as prescribed under Section 237A of Title 32 of the LSA-Revised Statutes of 1950; in failing to keep a proper lookout, and in not having his automobile under proper control. Respondent pleads in the alternative, the contributory negligence of appellant as a ibar to his recovery herein.
The collision took place at the intersection of Sunset Drive and LaSalle Street in the Parish of Caddo. Both streets at that point are graveled, are approximately eighteen feet wide, and intersect each other at right angles. Sunset Drive runs east and west and on the occasion of the accident Wheat was approaching the intersection from the east, driving toward the west. La-Salle is a north and south street. Brandt was approaching the intersection from the north, traveling toward the south. On the northeast corner, which was the corner between the two approaching cars, there was a small shack and considerable brush and trees arising close to the northeast corner of the intersection. Thus, the view of either of the drivers was almost completely obstructed as they drew close to the intersection. The intersection is not governed by any traffic lights or signs.
Seated in the car with Wheat was Harvey Carl Shewmake and accompanying Brandt were his wife, James W. Anderson, Gerald W. Robbins and Edgar Foster. Brandt and his wife failed to testify as they could not be located. Thus Whe.at and Shewmake appeared as witnesses for appellant, and Anderson, Robbins and Foster appeared on behalf of the appellee. There were no other eyewitnesses.
Wheat and Shewmake testified that Brandt entered the intersection without stopping prior to entering it at a speed of from thirty to thirty-five miles per hour. Both agreed that the car approaching on LaSalle Street from their right could not be seen until the vehicle on Sunset Drive had reached a position within a few feet of the intersection.
The witnesses who testified on behalf of Brandt uniformly estimated, the speed of Wheat at considerably more than thirty-five miles per hour. They testified that Brandt was traveling at approximately twenty miles per hour. Brandt’s car was not brought to a stop befpre entering the intersection.
Wheat testified that he. had passed the center of the intersection at the time his oar was struck. It appears to us that he was slightly past the center line for his car was struck at or just behind the door. The occupants of Brandt’s car who testified stated that the collision was in the center of the intersection and immediately after the collision Brandt’s car remained at the point of impact.
Appellees argue with plausibility that as the intersection was not governed by traffic signals or signs, the right-of-way at said intersection is fixed by the Highway Regulatory Act, LSA-R.S. 32:237A. The statutory provision is as follows:
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have.” '
 Appellant seeks to avoid the effect of this statute 'by claiming a pre-emption of the intersection. If we should find appellant did in fact pre-empt the intersection, the statute, therefore, would not have application. The statutory provision simply means that where two vehicles approach an intersection at proper speeds and with exercise of ordinary caution, and one enters sufficiently in advance of the other to justify ¡belief that it may continue across without danger, it has pre-empted the in *240 tersection. Thus, in Sheehan v. Hanson-Flotte Company, La.App., 1948, 34 So.2d 657, 660, it was said:
“When we use the word ‘pre-empt’ we do not attribute to it the meaning which counsel for plaintiffs seem to understand that it has. It does not mean that, where one vehicle, by traveling at an excessive rate of speed, is able to enter the intersection when the other which is approaching it is still a few feet away, the first has preempted the intersection and is entitled to cross regardless of what may "otherwise have been the right of way. It does not mean that two drivers may race to see which can enter first and that then the one who does enter first may say that he has established his preemption. It merely means that if two vehicles approach an intersection at proper speeds and with the exercise of ordinary precautions and yet one enters sufficiently in advance of the other to justify the belief that it may continue across without danger, it may do so regardless of the- fact that t'he other has approached from the right and would 'have had the right of way but for .the advance position of the first.”
The rule requires an entry into the inter;section at a proper rate of speed and the certainty that the intersection can be negotiated without danger to approaching traffic.
It may be conceded that appellant’s car had advanced slightly further into the intersection than that of the appellee at the time of impact. But even if we accept this as a fact, it is clear that wheat, by failing to stop or slow his car appreciably when he approached and entered the intersection at a speed of at least thirty miles per hour, despite the fact his vision toward traffic approaching from the right was completely obscured, was driving in a most injudicious manner. It is apparent to us that Brandt was proceeding into the intersection at a rate of speed much sldwer than" Wheat, inasmuch as the Brandt car remained stationary at the point of impact following the collision. Wheat’s -automobile, on the contrary, traveled forward some distance and turned over. Because of these significant facts we have no difficulty in reaching the conclusion that the two automobiles entered t)he intersection at approximately the same time.
It, therefore, resolved upon Wheat to accord the right of way to any traffic approaching from the right. In this instance he could not see the -approaching Brandt until after -both had entered the intersection, and at that time it was too late for Wheat to "accord to Brandt the right of way due him under the statute. We resolve, therefore, that Wheat was negligent in entering the intersection in the manner reflected by the record, which negligence continued to the very moment of impact, and bars recovery.
We deem it unnecessary to consider plaintiff’s plea that the last clear chance doctrine is applicable. The rule applies to both parties who are involved in an 'accident. In 38 Am.Jur., Negligence, Sec. 227, that thought is expressed as follows:
“As graphically stated 'by some authorities, the doctrine of discovered peril is -a two-edged sword, applicable equally to the rights of a defendant and those of a plaintiff.”
After studying the evidence presented in the record we are unable to say either driver was aware of the impending danger in time to exercise prevéntive measures. The obstructions to their view on the northeast corner of the. intersection kept both unaware of the other’s presence until they were within a very short distance of each other, too short, in fact, for either to change the direction of his vehicle. We find the last clear chance doctrine to be without application in this case.
The judgment -appealed from, rejecting plaintiff’s demands, is correct, and, therefore, affirmed at appellant’s cost.