HARDY, Judge.
This is a suit for property damages resulting from an automobile collision which occurred at the intersection of Fourth and Pavie Streets in the City of Natchitoches,-Louisiana. After trial there was judgment *177 against defendant, Otis O. Jones, and in favor of plaintiff, George C. Briley, and the intervenor, James L. Hall, from which de- . fendant has appealed. The appeal has 'been answered by the named intervenor who prays for an increase in the amount of the' judgment.
About noon on December 20, 1951 plaintiff’s 1950 sedan was being driven by his minor son, Charles, at a speed of about thirty miles per hour in a -northerly direction on Fourth Street, which is a right-of-way street in the City of Natchitoches, when it was involved in a collision with a 1950 Ford Convertible owned by the defendant, Otis O. Jones, and driven by his minor son, Kenneth, who was proceeding west on Pavie Street. Both cars were seriously damaged, and, in addition, the Briley car was thrown into a 1950 Ford sedan owned by James L. Hall, which vehicle was properly parked on the west side of Fourth Street, north of the Pavie Street intersection, and which suffered substantial damage as the result of the collision. Hall intervened, seeking damages in the sum of $685.58, of which sum $250 was alleged to represent depreciation in the value of his automobile. Another intervention was filed on behalf of Service Fire Insurance Company of New York, the insurer of defendant, claiming the sum of $344.62 paid for repairs under the provisions of its policy of collision insurance.
As is usual, the testimony of the witnesses tendered by the principal parties litigant is hopelessly conflicting. Young Briley testified that he was driving at a speed of about thirty miles per hour, which is con-cededly in excess of the twenty-five mile speed limit; that he did not observe defendant’s car as he approached and entered the intersection and that his car was struck broadside by the defendant’s vehicle a little to the north and east of the center of the intersection. As opposed to the testimony of this witness the record contains, by stipulation, the facts to which young Jones, who was in military service at the time of trial and unavailable for appearance, would have testified, namely that he brought his car to a complete stop on Pavie Street at the intersection with Fourth Street; that he made observation both to the right and left; that he did not see any approaching traffic; that he put his car in low gear and proceeded into the intersection at a speed of about five miles per hour and was struck by the Briley car when the front of his car had reached approximately the center of the intersection. Andrew Maggio, a seventeen-year old youth who was accompanying young Jones at the time, corroborated the facts set forth in this stipulation with the exception that the witness testified that he looked to his right as the Jones car was stopped at the intersection but did not make an observation to his left, the direction from which the Briley car was approaching.
' The district "judge in a brief written opinion predicated' his judgment upon the fact that photographs filed in evidence unmistakably showed that defendant’s car had run into the side of the Briley automobile. From this the judge concluded that the Briley car, traveling on a favored street, had pre-empted the intersection and the driver of the Jones car therefore, was guilty of the negligence which was the primary cause of the accident.
Careful examination of the record and reference to the photographs of the two cars convinces' us beyond the shadow of a doubt of the correctness of the conclusion reached by our distinguished 'brother of the district court. These photographs show that the Briley car was struck broadside and the damage was inflicted on that part of the car from a point behind the right front headlight and immediately over the right front wheel back to the rear of the right front door. The damage to defendant’s car reflected by the photographs’ in evidence shows that the entire left and center front of the automobile was completely crushed.
This graphic representation of the physical damages to the two cars is irreconcilable with the contention on behalf of defendant that his car was struck by the Briley automobile. In our opinion this would have been a physical impossibility.. The fact is quite clear that the Briley car, *178 moving- on a. right-of-way street, had preempted the intersection and was forcefully struck'by the Jones automobile. Whether or not the Jones car was brought to a stop at the intersection with the right-of-way thoroughfare is of no controlling importance. The fact that it proceeded into the intersection even at a low rate of speed, which we think is belied 'by the evidence of a terrific impact reflected in the photographs, and struck the car which had preempted the intersection, must unquestionably be resolved as an act of negligence which was the proximate cause of the collision and as a consequence renders defendant liable in damages.
We do not find that the speed of the Briley car was either a cause or a contributing factor to the occurrence of the collision.
It is urged on behalf of defendant that the failure of the driver of plaintiff’s car to make proper observation, coupled with his excessive speed, was the proximate cause of the accident. Additionally it is contended that defendant’s car was struck by the Briley car. We do not find these arguments to be tenable under the facts which have been established. Counsel for defendant cites Wheat v. Brandt, La.App., 61 So.2d 238; Phillips v. New Amsterdam Cas. Co., La.App., 6 So.2d 96; Allen v. Metropolitan Casualty Ins. Co., La.App., 190 So. 163, and Gauthier v. Fogleman, La. App., 50 So.2d 321. Examination of the cited cases convinces us that they are not apropos because of the evident differences in factual situations from the case at bar. Further we note that counsel has apparently misconstrued the holding of this court in Wheat v. Brandt, supra, observing that the court held that where a motorist could not or did not see an automobile approaching from his right in time to accord it the right-of-way required by highway regulations, he was guilty of such negligence as would bar recovery. We point out that our opinion specifically held that the motorist entering the intersection could not see the vehicle approaching from the right in time to accord the right-of-way and he was therefore guilty of negligence. We further observe that in the instant case the negligence of the motorist entering from the unfavored street is more flagrant in that he" simply did not observe the approach of the Briley automobile, there being no testimony which would indicate that he could not have made such observation.
The only further question which is tendered bears upon the claim by the in-tervenor, Hall, in answer to defendant’s appeal, which' prays an increase in the judgment in favor of intervenor with respect to the item of depreciation from the sum of $75 to that of $200. This claim is based upon the contention that the greater amount is supported by the testimony of the appellant himself on cross-examination. We do not find this admission in the testimony of the defendant Jones. But, in any event, we think the record sustains the finding on the item of depreciation in the sum of $75.
. For the reasons assigned the judgment from which appealed is affirmed, in all respects, at appellant’s cost. .