GLADNEY, Judge.
Plaintiff, John C. McCollister, Jr., has instituted suit to recover damages occasioned to his Plymouth automobile by a Studebaker truck owned by the defendant, Murray E. Gatti and driven by Willie Evans. Just before the collision on the morning of December 8, 1951, during a hard rain, plaintiff was driving his automobile south on Creswell Street and Evans was proceeding easterly in the truck along Wichita Street, with the intention of crossing Creswell and turning left thereon. After suit was filed the defendants answered, and Gatti sought through recon-vention damages to the truck.
The case was tried in the City Court of Shreveport, with the result both demands were rejected. From the judgment plaintiff has appealed and defendant Gatti has answered the appeal to reassert his claim for damages.
Plaintiff alleges that the collision was caused by' Willie Evans, entering the intersection directly in the path of petitioner’s car without 'first bringing his automobile to a stop as required by the Shreveport ordinance. ' The ordinance requires vehicles on Wichita Street approaching Creswell Street, a right-of-way street, to come to a complete stop before attempting to enter the intersection, at which point a stop sign is located on Wichita Street some few feet west of Creswell.
The answer of defendants avers that as Evans approached Creswell ■ Street he brought the pick-up truck to a stop opposite the stop sign; that because of- a- hedge to his left along the north side of Wichita he was able to see only a short distance up Creswell- Street to the north; that he then drove the truck a few feet closer to the intersection where he looked in both directions up and down Creswell Street,-but seeing no cars thereon in the immediate vicinity of the intersection, he proceeded to drive into the intersection at a speed of from six to eight miles per hour, and as he did so he realized that the Plymouth was approaching from the north at a high rate of speed; and realizing that a collision was imminent he attempted to complete the crossing of the intersection and was nearly across when the Plymouth struck the left rear fender of the truck. Defendants allege the accident was caused by the negligence of the plaintiff in the following respects :
(a) In driving at an excessive rate of speed under the circumstances;
(b) In failing to maintain an adequate lookout under, the circumstances;
(c) In driving down the center of Cres-well Street rather than in the right-hand lane, contrary to Ordinance 207 of 1923 of the City of Shreveport;
(d) In not applying his brakes and avoiding the collision when he discovered or should have discovered that the pick-up truck had entered the intersection ahead of him;
*449 (e) In not turning the automobile to the right and avoiding the collision by passing in rear of the pick-up truck after he was aware that the pick-up truck had entered the intersection ahead of him.
The only eyewitnesses to the collision were plaintiff and Willie Evans. Shortly after the accident occurred a police officer, A. C. Vasco, appeared on the scene. He testified in the trial of the case. However, at the time the officer arrived the truck had been moved but plaintiff testified the Plymouth had not. Other evidence in the record concerns only proof of damage.
Plaintiff testified the accident occurred such a long time before trial he could not clearly recall all the details thereof. He stated he was driving south along the right side of Creswell at a speed not in excess of twenty miles per hoifr and at the time it was raining very hard with visibility less than one hundred feet; that the northwest corner of the intersection was a blind corner, that is, an embankment and a house close to the curb thereon obstructed the range of vision towards the right of a southbound motorist on Creswell; that he did not see the truck until he reached the north line of Wichita, at which time the truck was well into Creswell and he immediately blew his horn and applied his brakes, but his car skidded some distance and struck the left rear fender of the truck. Pie expressed the opinion that the point of impact was near the center of the intersection.
Willie Evans testified that as he arrived at Creswell Street he brought the truck to a stop preparatory to entering the intersection, but being unable to see up and down Creswell from that point, he pulled up closer to the west line of Creswell where he again stopped and observing no traffic approaching on Creswell he put his truck in low gear and proceeded forward into Creswell and had changed into second gear when he observed plaintiff about fifty or sixty feet away approaching him at a speed which he estimated at forty miles per hour; and that seeing the truck was going to be struck by plaintiff, he “slowed up” to prevent the truck from being overturned. He testified that at the moment of collision the front of the truck was over the center line of Creswell.
Officer Vasco gave the width of Wichita as 27' KP/2" and Creswell as. 36' 2" at the ■ intersection. Pie testified he found the right front wheel of the Plymouth was about six feet from the west curb of Cres-well and that the Plymouth had proceeded “a little past the intersection.” This testimony would locate the point of impact slightly southwest of the central point of the intersection. The physical evidence discloses damage to both vehicles was light, and that the Plymouth came to a standstill at the point of impact, thus indicating that at the moment of collision both vehicles were moving slowly. Both plaintiff and Evans testified the front end of the truck had moved past the center line of Creswell Street. By assuming the truck has an overall length of approximately sixteen feet and that the collision occurred at the locus above established, it is evident the truck failed to clear the west side of Creswell Street by a distance of about eight to ten feet. By adding the eighteen feet width of the west one-half of Creswell to the length of the truck, sixteen feet, it is seen Evans had to travel approximately thirty-four feet in order to be clear ,of traffic approaching on Creswell from the north.
Plaintiff is corroborated as to his estimate of his speed by the fact that his car came to rest at the point of impact and because of the slight damages to his own car and the truck. Plaintiff testified, it is true, that he did not observe the truck until he reached the north line of Wichita Street, but unquestionably he was in error in this respect. The physical facts of the accident indicate not only that plaintiff was not driving in excess of twenty miles per hour but also indicate that he did observe the truck prior to reaching Wichita Street. Wichita, as above noted is 27' 1 (%" wide, thus the point of impact was not more than fifteen to twenty feet south of the north line of Wichita. Plaintiff’s car was slowed considerably prior to reaching the locus of the collision which, of course, required the application of brakes. By reference to an accepted table governing the control and stopping of an automobile, Barret’s table *450 found in Tulane Law Review, Volume 14, page 503, it is observed that the velocity of a car proceeding at twenty miles per hour • is 29.3 feet, which when added to reaction distance, totals 37.7 feet. This applies under excellent conditions, that is to say, when there exists good pavement with good braking efficiency. Under average conditions the stopping distance would be 44.2 feet and under poor conditions 88.7 feet.
We think it would be to a certain extent speculative to attempt to determine the exact distance within which plaintiff should have stopped his car, and we make no effort to do so. But it does seem logical that if plaintiff was driving on an asphalt street during a hard rain, certainly his stopping distance was nearer to eighty feet than to forty feet". There is no evidence as to the exact point on Creswell Street north of Wichita at which plaintiff’s range of vision towards the right was full, but undoubtedly there was limitation up to a point near the intersection. "Willie Evans, on the other hand, testified that upon his second stop before entering the intersection he could see along 'Creswell to his left. If this testimony is true he should have observed any on-coming vehicle within one hundred feet. This he did not do for he said plaintiff was only fifty to sixty feet away when he first saw the Plymouth, and at that time the truck had entered the intersection. Thus Evans either did not come to a complete stop and make proper observation for approaching motorists before attempting to enter Creswell, or he failed to see that which he should have seen.
When confronted with a stop sign erected by proper officials of the city, in addition to being legally obliged to bring his vehicle to a complete stop, the motorist is held to the duty of appraising traffic conditions in the intersecting street and of making certain that the way is clear for him to make a safe passage across the intersection, and the act of stopping and then proceeding forward in the immediate path of on-coming vehicles at such intersection constitutes gross negligence. See: Glen Falls Insurance Company v. Copeland, La.App., 1946, 24 So.2d 145; Hopper v. Toye Bros. Yellow Cab Co., La.App., 1951, 50 So.2d 829.
We do not find any of the defendants’ charges have shown plaintiff was negligent. His speed of twenty miles per hour was lawful under the circumstances; the charges that plaintiff failed to maintain an adequate lookout and was driving down the center of Creswell Street contrary to the city ordinance are not made out and the same is true of the allegation that plaintiff could have avoided the collision by timely application of his brakes. For the foregoing reasons the plea of contributory negligence is unavailing. Nor is there merit in the plea that plaintiff was afforded an opportunity to pass to the rear of the truck and had he done so the collision would not have occurred. When the emergency arose plaintiff, in our. opinion, took every step to bring his car under control, but his path was blocked by the unlawful entry of the truck into the intersection. At the moment of impact there was an opening of about ten feet or less, but this opening did not exist an instant before the collision. In our opinion the last clear chance doctrine is not applicable. See: Hurst v. Cambre, La.App., 1951, 52 So.2d 725; Joyner v. Sims, La.App., 1949, 39 So.2d 115; Vines v. Hartford Accident & Indemnity Co., La.App., 1948, 36 So.2d 729; Harrell, et ux. v. Goodwin, La.App., 1947, 32 So.2d 758; Gulf Insurance Company v. Robins, La.App., 1943, 15 So.2d 552; Cole v. Sherrill, La.App., 1942, 7 So.2d 205; Meredith v. Arkansas Louisiana Gas Co., La.App., 1938, 185 So. 498.
The facts, we think, establish that the accident was entirely due to' the negligence of Willie Evans in driving the truck prematurely into the intersection and before he had determined that he could cross Creswell Street safely without obstructing traffic proceeding south along said street.
For the foregoing reasons the judgment from which appealed is reversed insofar as it rejects the demands of plaintiff and affirmed insofar as it rejects the demands of the defendants claiming damages by way of reconvention.
*451 It is, therefore, ordered, adjudged and decreed that there now he judgment in favor of plaintiff, John C McCollister, Jr., and against defendants, Murray E. Gatti and Willie Evans, in solido, in the full sum of $122.52, together with legal interest thereon from judicial demand until paid. It is further ordered that the reconventional demand of Murray E. Gatti against plaintiff, John C. McCollister, Jr., be and is hereby dismissed. It is ordered that all costs, including cost of appeal, be paid by defendants.