78 So.2d 57 (1955)
Jeff WHITE, Plaintiff-Appellee,
v.
C. G. GLASS, Defendant-Appellant.
No. 8287.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1955.
Watson & Williams, Natchitoches, for appellant.
John Makar, Natchitoches, for appellee.
GLADNEY, Judge.
C. G. Glass has appealed from a judgment awarding plaintiff, Jeff White damages and rejecting his demand in reconvention. This suit is a companion suit to that of Glass v. White, La.App., 78 So.2d 59. These two cases were consolidated for trial.
The appellee, Jeff White, sued C. G. Glass for alleged property damage to his 1941 Chevrolet sedan, resulting from a collision between said automobile and a 1949 Dodge coach, owned by the defendant, on August 5, 1950, at the intersection of Scarborough Avenue and Highway Boulevard in the City of Natchitoches, Louisiana. Appellant was charged with negligent acts: in failing to obey a Stop sign, in making a left turn into a favored street without stopping, in failing to keep a proper lookout and by operating his car at an excessive rate of speed. Glass denied he was negligent, alleging the collision was caused by White driving at an excessive rate of speed, operating his automobile without proper brakes and not maintaining a proper lookout. The defendant made a reconventional demand for damages of $250 to his automobile and $320 for medical bills and loss of his wife's services following injuries she received in the accident. After trial of the case there was judgment in favor of plaintiff for $150 and the demands of the defendant in reconvention were rejected.
The accident occurred during the day time when the atmosphere was clear and dry. Immediately prior to the accident Jeff White was proceeding westerly along Scarborough Avenue, an eighteen foot wide black topped street, at a speed he testified was from twenty to twenty-five *58 miles per hour. As he came to the intersection of Scarborough Avenue and Highway Boulevard he said he saw Glass' automobile traveling north and entering the intersection from his left on Highway Boulevard; that as he got to Highway Boulevard he slowed and put his car in second gear and seeing the other automobile he immediately applied his brakes. His wheels skidded to the point of collision about eighteen feet west of a Slow sign located at the northeast corner of the intersection. The point of impact was fixed by a police officer, Wilson Bridges, near the center of the intersection twenty-seven feet north of a Stop sign located at the southeast corner of the intersection and eighteen feet from a Slow sign on the northeast corner of the intersection.
Glass testified that he was driving about twenty-five miles per hour north along Highway Boulevard, and when he approached the intersection of said street with Scarborough Avenue he looked both ways and not seeing any vehicle approaching he brought his car almost to a stop, and then proceeded north for the purpose of entering Third Street, which is a continuation of Highway Boulevard north of Scarborough Avenue. Glass admits he did not observe the approach of White until almost at the instant of the collision. The evidence shows the southeast corner of the intersection was grown up in tall grass and weeds which obscured the vision of motorists approaching the intersection from the south and east. Glass testified White was traveling in excess of twenty-five miles per hour and the collision was due to this fact.
Mrs. Glass, who was accompanying her husband at the time, testified White was traveling about forty miles per hour when he entered the intersection. Alberta Adams, a passenger in White's car, declined to estimate its speed, saying only she thought White was traveling at a normal or slow rate of speed. Emma Commick and Mary Daniels testified they were sitting on the porch of their house, the second house east of the intersection on the north side of Scarborough Avenue, when they heard the brakes screech and ran into the yard to see what occurred. Both say they noticed Jeff White pass at a speed which they estimated at about twenty-five miles per hour, and saw Mr. Glass approach the intersection at a high rate of speed and knew there would be a collision. Because of the tall grass near the southeast corner of the intersection we doubt these witnesses could see Glass before he entered the intersection.
It is conceded Scarborough Avenue is a designated right-of-way street and a Stop sign is erected on Highway Boulevard in the southeast corner of the intersection. This sign, in fact, was observed by Glass. On the opposite side of Scarborough Avenue near the northeast corner of the intersection facing traffic moving west a Slow sign is located. Glass frankly admitted he did not bring his automobile to a full stop. We find he failed to keep an alert and proper lookout for traffic approaching from the east along Scarborough Avenue. Jeff White, we believe, was traveling at a lawful rate of speed not exceeding twenty-five miles per hour.
There can be no doubt Glass was guilty of negligence except for which the collision would not have taken place, when he entered the intersection without bringing his vehicle to a complete stop and making sure he could safely cross Scarborough Avenue without interfering with traffic on that right-of-way thoroughfare. It has been reiterated in our jurisprudence that when confronted with a stop sign erected by proper city officials, in addition to being legally obliged to bring his vehicle to a complete stop, a motorist is held to the duty of appraising traffic conditions at intersecting streets and making certain the way is clear for him to make safe passage across the intersection, and the act of stopping and then proceeding forward in the immediate path of an on-coming vehicle at such intersection constitutes negligence. See Glen Falls Insurance Company v. Copeland, La.App.1946, 28 So.2d 145; Hooper v. Toye Bros. Yellow Cab Company, La. App.1951, 50 So.2d 829; McCollister v. Gatti, La.App.1953, 64 So.2d 447. In Briley v. Jones, La.App.1953, 63 So.2d 176, the action was for property damage *59 caused in an intersectional collision in the City of Natchitoches. Therein, at page 178 of 63 So.2d this court, with Judge Hardy as its organ, said:
"Whether or not the Jones car was brought to a stop at the intersection with the right-of-way thoroughfare is of no controlling importance. The fact that it proceeded into the intersection even at a low rate of speed, which we think is belied by the evidence of a terrific impact reflected in the photographs, and struck the car which had preempted the intersection, must unquestionably be resolved as an act of negligence which was the proximate cause of the collision and as a consequence renders defendant liable in damages."
The entry of Glass into the intersection without bringing his car to a complete stop and without making sure that he could safely cross Scarborough Avenue, in our opinion, was the proximate cause of the accident.
Defendant has pleaded alternatively White was guilty of contributory negligence, it being charged specifically that he was negligent in driving at an excessive rate of speed, in operating his automobile without proper brakes, and without maintaining a proper lookout. The charges are not made out by the evidence. C. G. Glass, Mrs. Glass and Louis Dalme testified White was traveling at an excessive rate of speed, but, except as to Dalme, we seriously doubt these witnesses were in a position to do more than speculate as to the speed of White's automobile. Neither of these witnesses observed the Chevrolet car until the instant of impact and consequently there was no time for estimation. Undoubtedly, their conclusions are based on the nature of the collision. We find that both cars must have been traveling about twenty or twenty-five miles per hour when they entered the intersection almost simultaneously. After seeing each other, each driver immediately applied his brakes. Each car skidded eighteen feet to the point of impact. The judge a quo concluded White was without fault. The facts as presented do not disclose error in the ruling.
It follows from our findings the judgment from which appealed should be and it is hereby affirmed at appellant's costs.