GLADNEY, Judge.
The plaintiff, Cathel D. Thomas, and his subrogated insurer bring this action against Leon Waller and his wife, Vivian Waller, to recover for damage sustained by a Chevrolet automobile owned by Thomas which was involved in a collision with a Chevrolet truck operated by Vivian Waller and owned by her husband. The accident happened in or near the intersection of Washington Avenue and North 10th Street in the City of Monroe, on April 18, 1954. At the time of the accident the atmosphere was clear and the streets were dry. A Monroe traffic ordinance designated Washington Avenue as a right-of-way thoroughfare over North 10th Street. Just prior to the collision plaintiff proceeded south along North 10th Street, entered its intersection with Washington, and was then engaged in executing a left turn when the right rear fender of his automobile was struck by the right rear fender of the truck being operated by Mrs. Waller, who, at the time, was driving west on Washington Avenue.
By way of defense to the action instituted by plaintiffs, defendants first filed an exception of no cause and no right of action, which exception apparently is no longer urged, answered denying fault, and urged a counter or reconventional demand for damage sustained by the truck. The trial court with written reasons for its decision, following a trial on the merits, found both drivers negligent and rejected both the principal demand of plaintiffs and the reconventional demand made by the defendants. From the judgment plaintiffs have appealed.
*302 Thi? charges and counter charges of negligence herein made may be generalized: plaintiffs aver Mrs. Waller was driving at an excessive rate of speed, that she did not maintain proper control of the vehicle she was driving, and that she was negligent in not keeping a proper lookout; defendants assert Thomas was guilty of negligence in entering a favored street in disobedience to a stop sign without first appraising traffic conditions on Washington Avenue and by entering the intersection when it was unsafe to do so.
Thomas testified he was driving south on North 10th Street when he arrived at Washington Avenue, at which place in obedience to a stop sign, he came to a complete stop, looked in both directions and saw the Waller truck approaching the intersection from the east a block away. He then proceeded to cross the intersection and turned left into the south lane of Washington Avenue when his car was struck by the defendants’ truck. He further stated that the right front fender of his automobile was struck by the right rear fender of the defendants’ truck, and after the impact the truck continued on passing his car on the right and finally came to rest in the ditch on the west side of North 10th Street and the south side of Washington Avenue. He testified his car stopped almost at the place of impact. This point was fixed by plaintiff, Officer Simpson and other witnesses as being in the south traffic lane of Washington Avenue about ten feet east of the intersecting line of North 10th Street. City Officer J. E. Simpson quickly arrived at the scene following a telephone call from Mrs. Waller. The testimony of Simpson fixed the point of impact as stated and he testified further that he observed skid marks eighty-four feet in length made by the truck. He first said the skid marks started one hundred fifty feet east of the intersection oh the north side of Washington Avenue, continued west and then angled south into the south side of Washington Avenue to the place of collision. He modified this testimony by changing the one hundred fifty feet to about one hundred feet.
Mrs. Waller testified her vehicle was practically to the intersection when Thomas’ car suddenly entered the intersection without stopping and, thus confronted with an emergency, she turned her car to the left into the south traffic lane of Washington Avenue in an effort to avoid the resulting collision. She denies that she was driving at an unlawful rate of speed and asserts that the accident was due entirely to Thomas’ unsafe entry into the intersection. Called on behalf of defendants were several colored witnesses, including R. J. Butler, Jefferson Parker and Elvie Parker, each of whom testified that Thomas did not stop before entering the intersection. They variously estimated the speed of the Chevrolet truck at from twenty-five to fifty miles per hour.
After carefully reviewing the record we have concluded, as did the trial judge, that both drivers must be held guilty of acts of negligence which constituted proximate causes of the accident. Certainly if the tires of the truck registered skid marks eighty-four feet in length leading up to the place of collision, Mrs. Waller was driving at an excessive rate of speed, and a rate of speed in excess of the limit fixed by the Monroe City traf-. fic ordinance. The preponderance of the evidence indicates Thomas failed to stop in obedience to a stop sign prior to entering the intersection and was also negligent in attempting to enter Washington Avenue without having carefully observed other traffic approaching the intersection.
It is a frequent pronouncement of this and other appellate courts of the state that when confronted with a stop sign created by proper city officials, in addition to being legally obligated to bring his vehicle to a complete stop, a motorist is held to the duty of appraising traffic conditions at intersecting streets and making certain the way is clear for him to make safe passage across the intersection, and the act of stopping and then proceeding forward in the immediate path of an oncoming vehicle at such intersection constitutes negligence. White v. Glass, La.App.1955, 78 So.2d 57 and authorities cited therein.
*303 It is our conclusion that the findings of the judge a quo are correct, and that accordingly the judgment from which appealed should be and it is hereby affirmed at appellants’ cost.