HARDY, Judge.
This is a suit for damages resulting from an automobile collision between a truck driven by plaintiff and a lumber truck owned by the H. H. Haynes Lumber Company and driven by one of its employees. Named as defendants were H. H. Haynes, the H. H. Haynes Lumber Company and the liability insurer, Traders & General Insurance Company, against whom judgment was prayed to the extent of the limits of the policy in effect at the time. After trial there was judgment in favor of defendants rejecting plaintiff’s demands, from which he has appealed.
The accident occurred on September 10, 1948, on U. S. Highway 171 at the intersection with Grace Street in the unincorporated village of Florien in Sabine Parish, Louisiana, at or about 11:30 A.M. Plaintiff was driving a 1934 model Ford truck loaded with tie timbers and at the time of the collision was making a left turn to the west across the highway and into the intersection of Grace Street. The lumber company truck, heavily loaded with dressed lumber weighing in excess of 13,000 pounds, was being driven south on the highway. The collision occurred, as nearly as can be fixed, about the center of the west lane of the highway, the point of impact between the vehicles being the front of the lumber company truck and the right side of the cab of the plaintiff’s vehicle. At the time the surface of the highway was dry, the weather clear and visibility unlimited.
From the intersection at which the collision occurred U. S.. Plighway 171 is straight, to the north, for a distance of 430 feet, at which point it begins a curve to the east. The highway inclines to the north on a vertical grade of approximately 2.9 feet in 100, and declines from the crest of this grade at approximately the same rate. This information was elicited from the testimony of a licensed surveyor in connection with the introduction of a scale plat of the highway in the vicinity of the accident. The surveyor testified that a line of vision from a point five feet above the surface of the highway at the intersection, to the north, would permit sight of a vehicle six feet ten inches in height (which was the height of the lumber company truck) at a distance of approximately 470 feet. Carrying this line of testimony into further detail the witness testified that all of the outline of the truck, except the lower two feet, would be visible at a distance of 370 feet and the entire truck could be seen at a distance of 268 feet. We have detailed these calculations for the reason that they constitute important considerations in connection with the facts, as will later appear from this opinion.
As noted above, the accident occurred on September 10, 1948, and the case was tried on May 9, 1955, almost seven years later. It is not astonishing, therefore, that the testimony of the witnesses is even more vague, uncertain and unreliable than is customary even in the ordinary automobile accident case.
'Generally, plaintiff contends that the driver of the lumber company truck was guilty of negligence which was the sole and proximate cause of the accident in that he was driving at an excessive and illegal rate of speed through an unincorporated village; failing to keep a proper lookout; and to maintain his truck under control, and, alternatively, that he had the last clear chance to avoid the accident when the danger of a collision with plaintiff’s truck became evident.
Defendants first deny negligence on the part of the truck driver, and, alternatively, plead the contributory negligence of the plaintiff in failing to see the approach of the truck and in attempting to execute a left-hand turn in the path of an approaching vehicle which he could and should have seen.
Confronted with these conflicting contentions the district judge, in a written opinion, found the driver of the lumber truck to have been guilty of negligence in operating his loaded truck through the Village of Florien at a speed of 35 miles per hour, and further found the plaintiff to have been guilty of negligence in failing to keep a proper lookout and in attempting to make a left turn across the highway un *585 der the circumstances, which actions constituted negligence that was the proximate cause of the accident. On the question of the last clear chance the district judge found that the driver of the Haynes truck was confronted with an emergency and that he took such action as was possible at the time in the effort to avoid the collision.
Examination of the testimony of the witnesses tendered by plaintiff and defendant proves to be of little assistance. Much of the testimony is palpably incredible, and we think the general unreliability of the recollection of these witnesses is readily and understandably accounted for by the lapse of time intervening between the accident and trial of this case. The testimony of the drivers of the vehicles, who would have the best reason for a clearer recollection of the circumstances surrounding the occurrence, is, of course, in violent conflict.
Plaintiff testified that he brought his truck to a complete stop on the highway at the intersection with Grace Street, signaled for a left turn; began to make the turn; observed the Haynes truck when be was pulling across the highway at a speed of about eight miles per hour, at which time, according to his testimony, the Haynes truck was approximately 160 feet north of the intersection; that he mashed down on the accelerator and that the collision occurred when the front wheels of his truck had reached a point just west and off of the paved slab of the highway, which, admittedly, is .18 feet in width. Even accepting this testimony as reasonably accurate, plaintiff did not, and, indeed, could not explain why he did not perceive the approach of the truck until it was only approximately 160 feet distant, when it could have been seen at a distance in excess of 400 feet. We think the following quoted portion of plaintiff’s testimony adequately and- correctly explains this point:
“Q. When was the first time you knew that Haynes Lumber Company truck was on the road north of you? A. Right along there.
“Q. What called your attention to the truck? A; When I pulled across I happened to glimpse it.
“Q. You happened to glimpse it? A. Yes, sir.
“Q. You say at that time the truck was right in front of Mr. Williams store? A. Yes, sir.” (Emphasis sup*plied.)
It is clear to us that plaintiff failed to make a proper observation to the north before beginning his turn, and that he could and should have seen the approach of the truck before undertaking this maneuver. His failure so to do unquestionably constituted an act of negligence which was a proximate cause of the accident.
The driver of the Haynes truck, I. D. Williams, Jr., testified that he was driving upgrade in second gear; that after reaching the crest of the hill and beginning the descent of the grade to the south he was gradually picking up speed preparatory to shifting into high gear-; that he saw the Williams truck on the highway just south of the Grace Street intersection; that Fox started his left tqrn-across the highway at a time when the truck was only some 35 or 40 feet from the intersection; that he immediately applied his brakes and skidded approximately 30 feet, at the same time turning to his right until the right wheels of the truck were- upon the west shoulder of the highway, but was unable to avoid the collision. There is some corroboration for this version in the testimony that the truck was locked in second gear after the accident when it was towed from the scene, and further corroboration in the surrounding physical circumstances themselves. It must be borne in mind that in negotiating the left turn across the highway the plaintiff’s truck had to travel only the 18 foot width of the concrete slab of the highway in order to clear the intersection. Meantime, the Haynes truck would have been forced to travel more than 400 feet in view of plaintiff, or, in any event, approximately *586 160 feet from the time plaintiff admitted observing its approach, at which time, according to plaintiff, he Was actually pulling across the highway. Any reasonably possible calculation of comparative speeds and distances clearly indicates the utter impossibility of the occurrence of the accident as contended'by plaintiff. To the contrary, the account given by the driver' of the Haynes truck, making reasonable allowances for a margin of error in his testimony, is not only reasonable but entirely consistent with the physical facts.
While the speed of the Haynes 'truck was variously estimated at from 25 to 55 miles per hour, we are of the opinion, as was our learned brother of the district court, that the truck was traveling at a speed of approximately 35 miles per hour. Clearly this rate of speed was a violation of LSA-R.S. 32:225, which fixed a maximum speed of 25 miles per hour within unincorporated towns and villages, and, under the circumstances, this finding unquestionably establishes negligence on the part of the driver of the Haynes truck.
However, it is equally clear that plaintiff was guilty of negligence, which was a proximate, as well as a contributing, cause of the accident, in attempting to negotiate a left turn across the path of an approaching vehicle which he could and should have seen, which action constituted a' violation of LSA-R.S. 32:235.
Stripping the instant case of all the conflicts in, testimony and reducing it to the bare physical facts, which, to our minds, are satisfactorily established, we think it is clear that the accident resulted from the concurrent negligent acts of the drivers of the two vehicles involved. It follows that this finding effectively bars plaintiff’s right to recovery unless the driver of the Haynes, truck should be held responsible under the last clear chance doctrine. We do not find that the facts justify the application of this doctrine in the instant case, for it is clear that when the danger became apparent, by reason of the plaintiff’s negligent action, the elements of time and distance were of such minimum degree as prohibited the taking of effective action designed to avoid the collision. We believe the driver of the Haynes truck reacted in an entirely normal and reasonable manner, for it is established that he applied his brakes and turned his truck toward the right shoulder of the highway. It is evident that this action substantially minimized the force of the impact, for, despite the heavily loaded condition of the two vehicles and the broadside nature of the impact, plaintiff’s truck was not overturned, and, as a matter of fact, was knocked only a comparatively few feet to the south from its position in the intersection at the time of impact.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.