McBRIDE, Judge.
Spencer Washington, the owner of a 1951 Chevrolet taxicab, brought this suit against Richard Dawes and his unemancipated minor son, William R. Dawes, for the sum of $372.59, representing damages to the taxicab and for loss of use of the vehicle while it was being repaired, as the result of an accident which took place on February 14, 1954, at about 2 o’clock a. m. at the intersection formed by Freret and Calhoun Streets. The taxicab was struck by an automobile owned by Richard Dawes which was being driven at the time by his son, William R. Dawes. Plaintiff recovered judgment for $297.59 in the city court and defendants have appealed.
It is conceded by the defendants that William R. Dawes was guilty of negligence, and the only- question that the appeal presents is whether plaintiff’s employee who-drove the taxicab was guilty of contributory negligence which is the subject of a special plea made in the alternative by defendants.
*151 Young Dawes was driving his father’s automobile on Calhoun Street in the direction of the Mississippi River and the taxicab, driven by Eugene Johnson, was proceeding in a downtown direction on Freret Street. Dawes admits that he entered Freret Street without having come to a stop at the intersection notwithstanding that he was confronted by a sign maintained by the police authorities of New Orleans requiring traffic at that point before entering into Freret Street to come to a stop. He merely slowed down the speed of his vehicle and then shifted into low gear before attempting to make the crossing. He claims that he looked in both directions upon entering Freret Street but saw no vehicles approaching, and went on to say that after proceeding a short distance out into Freret Street, not more than 8 feet, he then observed the taxicab coming from his right and that it was some 60 or 70 feet removed from the corner. He estimated his own speed at the time to be about 12 miles per hour, and sensing his dangerous position he applied his brakes immediately but without effect and the accident ensued. His estimate of the taxicab’s speed was 40 miles per hour or “possibly faster.”
The taxi driver, Eugene Johnson, states that he was on his way to his stand, that a drizzling rain was falling, and that his speed was between 20 and 25 miles per hour. He claims that his cab was on the extreme righthand side of Freret Street being not more than 2j4> feet from the riverside curbing and that when his vehicle reached the intersection it was hit on its left side by the automobile. He admitted that he never did see the Dawes automobile until the very moment that it collided with his taxicab.
The defense witnesses disagree with Johnson as to the rate of speed at which the cab was traveling and its location with reference to the center of Freret Street. As has already been mentioned, William R. Dawes insisted that the taxicab was traveling 40 miles per hour or “possibly faster.” Frank Morris, now a second lieutenant in the U. S. Army, testified in his depositions that he was riding in the front seat of the Dawes car at the time of the accident and saw the cab when it was about 20 feet away from the intersection and that it was traveling at 55 miles per hour. Morris emphatically stated, also, that the taxicab encroached 5 feet over into the left lane.
The statement' made by Morris that the taxicab was 5 feet over into the left lane appears to' be adequately corroborated. William R. Dawes stated that the vehicles came together about from 2 to 4 feet in the left hand lane. Alfred J. Bonomo, Jr., a practicing attorney at the New Orleans Bar, basing his statement on the location of the tracks left on the damp roadway, said that the cab was about 2 to 4 feet left of the center of the street. This witness, who lives in a house on the uptown lake corner of the intersection, was just about to enter his front door when he heard the blast of the horn of an automobile on Freret Street approaching Calhoun Street, and he estimated that when he first heard the sound of the horn that the vehicle, which later proved to be plaintiff’s taxicab, was somewhere about 300 feet from Calhoun Street. He states that the sound of the horn was continuous up to the impact of the two vehicles. Mr. Bonomo saw neither of the cars before the crash as his back was turned toward Freret Street.
The defendants have charged that plaintiff’s driver was contributorily negligent in several respects, particularly in that he drove the taxicab in a careless and reckless manner at an excessive and illegal speed partly on the wrong side of the street.
 Our holding is that the weight of the evidence preponderates in defendants’ favor and makes out a clear case of contributory negligence on the part of plaintiff’s employee. We conclude that Johnson operated the taxicab at a speed considerably in excess of the lawful speed limit of 30 miles per hour and that just as Morris, Dawes, and Bonomo testified the taxicab was partly over the center line in Freret *152 Street. Bonomo’s statement that Johnson continually blasted his horn leads us to believe that he was proceeding along Freret Street feeling so secure in his position of having the right of way that he relied on his horn to vouchsafe a safe passage across intersecting streets. It is certain that he was guilty of not keeping a proper lookout for he acknowledged that he never did see the Dawes automobile until the crash occurred, and we can only say that had Johnson been vigilant, as the law required him to be, that he could have seen the slowly moving Dawes automobile emerge into Freret Street in time to have taken some effective measures to avoid a collision with it. While the presence of stop signs on the intersecting streets had the effect of awarding to Freret Street a right-of-way status, this does not mean that a motorist thereon who has the right of way is absolved from exercising caution at all times. A review of the record convinces us. that plaintiff’s driver must be held just as guilty of negligence approximating the accident as was the driver of the Dawes automobile. As has been many times observed by our courts, the superior right of way which is accorded to vehicular traffic on a preferred thoroughfare is not an invitation to negligence and certainly it does not relieve drivers from the results of their negligence. On the contrary, the superior right of way is forfeited by the negligence of the driver on the right-of-way street. Among the most common acts of negligence which the courts do not excuse are excessive speed, the failure to maintain a lookout, and traveling on the wrong side of the road. Thomas v. Waller, La.App., 84 So.2d 301; Wilson v. Yellow Cab Co. of Shreveport, Inc., La.App., 64 So.2d 463; Joyner v. Sims, La.App., 39 So.2d 115; Jones v. Indemnity Ins. Co. of North America, La.App., 178 So. 702; Bryan v. Magnolia Gas Co., 13 La.App. 52, 127 So. 124.
Therefore, for the reasons assigned, that part of the judgment which casts the defendants for damages is annulled, avoided and reversed, and it is now ordered that the judgment be amended so as to run in favor of defendants dismissing plaintiff’s suit, and as thus amended and in all other respects, it is affirmed. Costs of both courts are to be paid by plaintiff.
Reversed in part, affirmed in part.
JANVIER, J., takes no part.