GLADNEY, Judge.
This tort action is for recovery of damages for personal injuries incurred in an automobile accident which took place at the intersection of Reynolds and Eleventh Streets in Springhill, Louisiana, about 2:10 o’clock P.M. on June 14, 1956. After the case was tried on its merits, judgment was rendered for $2,041.50 in favor of the plaintiff, Firal L. Ryder, and against the defendants, Mr. and Mrs. Tom Wright, and their liability insurer, the Houston Fire & Casualty Insurance Company. The defendants have prefected an appeal from the judgment so rendered and plaintiff has answered the appeal, praying the award be increased to $9,541.50.
On the day of the accident, at which time it was misting rain and the blacktopped street was damp, Mrs. Tom Wright, accompanied by her husband, was driving east along Reynolds Street and approaching the “T” intersection of Reynolds and Eleventh Streets, from which point Eleventh Street continues toward the north and Reynolds Street runs both east and west. It was the purpose of Mrs. Wright to make a left turn into Eleventh Street. At this time Ryder *545 was approaching from the east along Reynolds Street in an Oldsmobile automobile. The two vehicles collided almost in the center of the intersection and immediately after the front of the Ford car driven by Mrs. Wright, while engaged in executing a left turn, had crossed the medial line of Reynolds Street. The right front of each vehicle violently struck the other and resulted in heavy property damage and Ryder received severe and painful injuries.
Reynolds Street as it approaches the intersection is blacktopped to a width of 20 feet, and is bordered on each side with a 7 foot dirt shoulder. The intersection is approximately .2 of a mile within the eastern city limits of Springhill. Reynolds Street is part of the highway between Springhill and Haynesville, Louisiana. Viewed from the intersection, Reynolds Street is straight for several hundred feet to the east and to the west. Toward the east the elevation of the highway rises slightly, then gradually recedes in such manner as to make possible the observance of the top portion of an approaching automobile several hundred feet distant. Near the east corporation limits of Springhill there is displayed on Reynolds Street a sign warning motorists of a speed limit of 25 miles per hour.
The plaintiff alleges Mrs. Wright was negligent in several particulars: that she was attempting to execute a left turn at a time when it was unsafe to do so; that she was not keeping a proper lookout for approaching automobile; that she gave no indication she was about to make a left turn; and that she was attempting to exercise a left turn movement in violation of LSA-R.S. 32:236A. We pretermit discussion in detail of these charges for we think there is no doubt Mrs. Wright was negligent in not keeping a proper lookout which accounts for the attempt to execute a left turn when it was unsafe to do so. Had she looked ahead she would have observed the approaching Ryder automobile and refrained from crossing into the north lane of Reynolds Street where the collision occurred.
The question which does require our serious consideration is the special plea of contributory negligence urged by the defendants. The defense plea asserts Ryder was guilty of negligence in traveling at a speed in excess of the maximum speed limit fixed by the municipality of Springhill; that he was not properly observant and failed to keep his vehicle under proper control, and that by reason of these acts he was contributorily negligent. Also defendants invoke the last clear chance doctrine. Our consideration of the evidence has convinced us Ryder was guilty of negligence in traveling at an excessive rate of speed, and that such speed was a proximate cause of the collision. This conclusion is clearly warranted by the evidence.
Plaintiff testified that as he approached the corporate limits of Springhill he was traveling at a speed of from 55 to 60 miles per hour, but began to slow his vehicle so that upon reaching the city limits he had reduced his speed to 30 miles per hour. Mrs. Wright and Mrs. Charles F. Burgess testified that when Ryder applied his brakes, the Oldsmobile was traveling at a high rate of speed. Mrs. Burgess said she believed the speed to he from 40 to 45 miles per hour. After the application of his brakes the tires of Ryder’s automobile skidded a distance of 99 feet to the point of impact. We do not doubt Ryder, immediately before he tried to stop his car, was traveling at a speed substantially in excess of 25 miles per hour as fixed by the municipal ordinance. The weather conditions then existing, together with the knowledge he was entering a residential section imposed upon him a duty to keep his automobile under such control as to stop quickly if traffic conditions should so require. In traveling at a speed in excess of the legal limit, his vehicle was not under proper control. We are of the firm opinion that had Ryder been traveling within the legal speed limit of the Springhill ordinance, *546 he would have been able to avoid the collision, either by bringing his car to a stop or by turning it toward the left and passing to the rear of the Wright car. Therefore, it is our opinion that the excessive speed of the Oldsmobile was a concurring act of negligence which continued to the moment of the collision and effectively bars plaintiff’s right to recover.
Counsel for appellee argue the violation of a municipal speed limit is not necessarily a proximate cause of an accident, and if not, will not bar recovery. Cited in support are a number of authorities, the rulings in which are not inconsistent with our own views herein. The issue is simply one of causation, and we entertain no doubt speed alone will not bar recovery where it is not a contributing cause of the accident. The facts and circumstances peculiar to each case determine actionable negligence. In the instant case it is our view the speed of Ryder’s vehicle was most unreasonable and had it been reasonable the accident would have been avoided. We think the decisions by this court in Thomas v. Waller, La.App.1955-1956, 84 So.2d 301 and Fox v. Haynes, La.App.1956, 86 So.2d 583, are appropriate to the question presented.
We do not find the facts justify the application of the last clear chance doctrine which appellants also seriously urge. It is clear to us that the speed of plaintiff was such that the only choice open to him was instant application of his brakes.
It follows from the conclusions of here-inabove rendered that the judgment from which appealed should be and is hereby annulled, reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of the defendants, rejecting plaintiff’s demands at his cost.